COMMERCIAL UNION ASSURANCE COMPANY, LIMITED, v. T. J. PRESTON.

No. 3783. Decided March 31, 1926.

(282 S. W., 563).

1.—Insurance—Fire—Standard Form of Policy.

A clause or indorsement added to the standard form of fire insurance policy without the authorization or approval of the State Insurance Com-

mission is void. (Rev. Stats., 1925, Arts. 4888, 4889.) First Texas State Insurance Co. v. Smalley, 111 Texas, 72, followed. (Pp. 355, 356.)

### 2.—Same—Inconsistent Clauses.

A provision in the standard form of fire insurance policy must prevail over an inconsistent exemption from liability, the insertion of which was unauthorized. (Here standard form making insurer liable for injury to electric appliances by fire only, and an added exemption from loss by fire originating in the appliance.) (P. 356.)

### 3.—Proofs of Loss.

The standard form of fire insurance policy making the furnishing by insured of proofs of loss a condition precedent to the enforcement of the policy, where not waived by the insurer, prevented recovery for loss of articles insured but not included in the proofs of loss furnished. (Pp. 356, 357.)

### 4.—Three-fourths of Value Clause—Co-insurance Clause.

The limitation of liability for loss of personal property to three-fourths of its value and to proportional liability in case of co-insurance with another insurer is valid and within the power of the contracting parties. It is not prohibited by Art. 4893. Rev. Stats., 1911, as amended by Act of April 2, 1913, Laws 33d Leg., Ch. 104, p. 193, which dealt only with requirements of amounts of co-insurance with another company or by the insured himself. Milwaukee Mechanics Ins. Co. v. West Development Co., 282 S. W., 562, followed. (Pp. 357-360.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Freestone County.

Preston sued the insurance company and recovered judgment which was affirmed on appeal by defendant (238 S. W., 326), who thereupon obtained writ of error.

*Locke & Locke,* for plaintiff in error.

The company is not liable for two items for which judgment was rendered against it, "Two machines, $1,004.00; One compenarc, $80.20," for that said items were not covered by the contract of insurance, liability on them being specifically excepted. 1 Joyce, Insurance, Sec. 176; Cooley, Briefs on Ins., Sec. 542; Insurance Co. v. Hopkins, 219 S. W., 254, 261.

The company is not liable for the items for which judgment was rendered against it: "Fire extinguisher $7.50; damage to orchestra, $50.00," for that said items were not referred to in the only proof of loss submitted by the plaintiff to defendant as required by the contract of insurance. Sun Mutual Insurance Company v. Mattingly, 77 Texas 162; Scottish, etc., Insurance Company v. Clancy, 83 Texas 113; Fidelity-Phoenix Fire Insurance Company vs. Sadau, 167 S. W., 334, and cases cited in the opinion therein.

*Williford & Geppart,* for defendant in error.

When an insurance company accepts a risk and charges the legal rate authorized by law, it can not attach to such policy a limitation upon its liability; it can refuse to write insurance upon any item or property, but it can not accept the risk and then limit its liability. Rev. Stats. Art. 4891; Fidelity-Phoenix Fire Ins. Co. v. Sadau, 167 S. W., 334; American National Ins. Co. v. Dixon, 231 S. W., 165; First Texas State Ins Co. v. Smalley, 228 S. W., 550, 233 S. W., 314; rehearing denied. American National Ins. Co. v. Hawkins, 189 S. W., 330.

Where the insured submits a proof of loss in good faith,. through an oversight neglects to place item of damage in the proof of loss; or where the insured has at the time of the furnishing of the proof of loss, no knowledge of damages to a certain item, he can still recover for such items; especially where the insurance company denies its liability in its pleadings or otherwise. Commercial Union Ins. Co. v. Meyer, 29 S. W., 93; Perry v. Dwelling House Ins. Co., 67 N. H., 291, 68 Am. St., 668; Case v. Manufacturers' F. & M. Co., 82 Calif., 263, 21 Pac. 843; Brown v. Ins. Co., 89 Texas, 590, 35 S. W., 1060; Continental Ins. Co. v. Chew, 11 Ind. App., 330, 54 Am. St., 510; California Ins. Co. v. Gracey, 15 Colo., 70, 22 Am. St., 381; Scottish Union Nat'l. Ins. Co. v. Moore, 35 S. W., 573.

Vernon's Sayles' Ann. S. T., 1914, Art. 4893 provides "That no company may issue any policy covering property in this state containing any provisions that the insurer shall be liable as a co-insurer for any part of the loss or damage to the property by fire." A provision in a fire insurance policy, upon which the company collects full premium, limiting its liability to three-fourth value of the property insured, is void. Firemen's Ins. Co. v. Jesse French Piano and Organ Co., 187 S. W., 691.

Mr. JUSTICE GREENWOOD delivered the opinion of the court.

Plaintiff in error delivered to defendant in error a certain policy, whereby, in consideration of $60.80 premium, plaintiff in error insured defendant in error for the term of one year from February 23, 1920, against direct loss or damage by fire, except as specially provided, in the amount of $2,000, on his moving picture machines and accessories, musical instruments, office furniture and fixtures, ticket vending machine, chairs, curtains, fans, elevated floors, light fixtures, and all other furniture and fixtures, not more hazardous, usual to a picture

show, while contained in a certain building in the town of Teague, Texas.

Typewritten into the "Mercantile Stock Form With Three-Fourths Value Clause," pasted on the policy, were the words:

"It being understood that this company shall not be liable for loss or damage to moving picture machines or attachments caused by fire originating within the machine nor does this policy cover loss or damage to films from any cause."

The Three-Fourths Value Clause appeared in print on said form in the following words:

"It is understood and agreed to be a condition of this insurance that in the event of loss or damage by fire to the property insured under this policy this Company shall not be liable for an amount greater than three-fourths of the actual cash value of each item of property insured by this policy (not exceeding the amount insured on each such item) at the time immediately preceding such loss or damage; and in the event of additional insurance—if any is permitted hereon—then this Company shall be liable for its proportion only of three-fourths of such cash value of each item insured at the time of the fire, not exceeding the amount insured on each such item."

The "Mercantile Stock Form" under the heading "Lightning and Dynamo Clause" contained these words:

"Provided further that, if dynamos, wiring, lamps, motors, switches or other electrical appliances or devices are insured by this policy, this Company shall not be liable for any loss or damage to such property resulting from any electrical injury or disturbance, whether from artificial or natural causes, unless fire ensues, and then for the loss by fire only."

The policy contained a provision that if a fire occurred the insured should, within ninety-one days after the fire unless the time is extended in writing by the company, render a statement to the company, signed and sworn to by him, stating, among other matters, the knowledge and belief of the insured as to the time and origin of the fire, the interest of the insured and of all others in the property, and the cash value of each item thereof, and the amount of loss thereon.

The policy stipulated that no suit thereon should be sustainable in any court until after full compliance by the insured with the requirements of the policy.

Defendant in error suffered loss by fire on March 8, 1920, to certain articles valued at $355.87, and plaintiff in error

admitted it became liable to defendant in error for that sum, which it tendered.

The fire also destroyed the following property of defendant in error within the building described in the policy, to-wit:

The moving picture machines, of the actual cash value of $1,004.00.

One compenarc of the actual cash value of $80.20.

One fire extinguisher of the actual cash value of $7.50.

Defendant in error had an "orchestra" in said building, which was also damaged to the amount of $50.00.

The proof of loss, submitted by defendant in error, failed to show loss of the fire extinguisher or damage to the orchestra.

Suit was brought to recover for the loss of the two moving picture machines, the compenarc, and the fire extinguisher, as well as for the damage to the orchestra, and for the loss of the other articles valued at $355.87. The suit resulted in a judgment in favor of defendant in error against plaintiff in error for $1,497.57, which was affirmed by the Dallas Court of Civil Appeals. 238 S. W., 326.

The first proposition presented by the application for writ of error is that plaintiff in error should not have been held liable for any sum for the loss of the moving picture machines and the compenarc, which was an attachment to the machines, because the insurance policy expressly exempted the company from liability for loss or damage to the machines and their attachments when caused by fire originating within the machines.

It is conceded by plaintiff in error that the standard fire policy prescribed by the Texas Insurance Commission contained no such clause or endorsement as that embodied in the policy sued on, undertaking to exempt the company from loss or damage to moving picture machines and attachments, caused by fire originating within the machines. It is further conceded that the Insurance Commission, up to the time of the fire, had never taken any action whatever relative to prescribing or approving any clause or endorsement which would grant exemption from liability for damage or loss to moving picture machines and attachments from fire originating within same.

We agree with the Court of Civil Appeals that a clause or endorsement added to the standard form of fire insurance policy, without the authorization or approval of the State Insurance Commission, is void under Article 4891 Complete Texas Statutes, now Articles 4888 and 4889 R. S. of 1925. Other-

wise true effect cannot be given to the prohibition that no other forms be used than those established or approved by the Commission. First Texas State Ins. Co. v. Smalley, 111 Texas, 72 288 S. W., 550.

The purpose of statutes such as ours is well stated in Bourgois v. Northwestern National Ins. Co., 86 Wis., 609, 57 N. W., 348, in the following language:

"This act is broad and sweeping in its terms and scope. It aims to bring order out of chaos. Prior to its passage there were as many different contracts of insurance as there were companies. The variations and differences between the conditions of the policies issued by the various insurance companies were almost infinite in number; new clauses and conditions were being constantly inserted, generally ingeniously worded and obscurely printed; and, singularly enough, these new conditions were always in the interest of the insurer, and not of the insured. To meet this condition, the act under consideration was passed. That it is a long step in the right direction cannot be doubted. Under it there can be practically but one form of policy. When a man contracts for insurance, he knows that he is contracting for a standard policy and for nothing else, and he knows that he will get that and nothing else."

The endorsement relied on to defeat liability for the loss by fire of the moving picture machines and compenarc would seem not only void as never having been authorized or approved by the Commission, but it appears to us that it may be inconsistent with the prescribed proviso, embodied in the policy sued upon, that the company shall be liable for loss, by fire only, to any electrical appliances or devices insured by the policy resulting from electrical injury or disturbance, occasioned by artificial or natural causes. A fire would originate within a moving picture machine if caused there by electrical injury or disturbance due to artificial or natural causes. The form prescribed by the Commission undertakes to fix liability for loss or damage to an insured moving picture machine and attachments occasioned by such a fire. The unauthorized and unapproved endorsement undertakes to defeat such liability. Of course, if the clauses be inconsistent, that which was authorized must override that which was neither authorized nor approved.

The policy sued on, following the standard form prescribed by the State Insurance Commission, required as a condition

to recovery on the policy, that the provision be complied with that the insured render a statement to the company, stating, among other things, the cash value of each item of property lost or damaged by fire, and the amount of loss thereon. The decisions of this Court recognize that when the policy makes the furnishing of proofs of loss a condition precedent to the enforcement of the policy, and the proofs have been neither furnished nor waived, the insured fails to establish his right to recover on the policy. Scottish U. & N. Insurance Co. v. Clancy, 83 Texas, 115, 18 S. W., 439; Delaware F. Insurance Co. v. Brock, 109 Texas, 431, 211 S. W., 779. Since there was no attempt to make proofs of loss or damage as to the fire-extinguisher or the orchestra, and since such proofs were not waived, no recovery should have been allowed in so far as defendant in error sought to recover the value of the extinguisher or to recover for damage to the orchestra. We find nothing in Article 4949 of Vernon's Sayles' Texas Civil Statutes of 1914 authorizing a recovery on the policy for damage or loss by fire not included in proofs submitted, in the absence of waivers.

Error is assigned on the holding of the Court of Civil Appeals that the District Court did not err in rendering judgment for the full value of the two moving picture machines and the compenarc, when the contract sued upon obligated plaintiff in error to pay no more than three-fourths the actual cash value of each article insured at the time immediately preceding its loss. The Court of Civil Appeals allowed defendant in error to recover the full value of these articles on the ground that the three-fourths value clause contained in the policy was forbidden by Article 4893 Vernon's Sayles' Texas Civil Statutes of 1914, now Article 4891 of the Revised Statutes of 1925.

Co-insurance clauses and three-fourths value clauses have appeared in fire insurance policies in Texas from the time standard companies began doing business in the State. In 1879 the Legislature provided:

"A fire insurance policy, in case of a total loss by fire of property insured, shall be held and considered to be a liquidated demand against the company for the full amount of such policy; provided, that the provisions of this article shall not apply to personal property." Chapter 73, page 83, Acts of 1879, Article 2971, Revised Statutes of 1879, now Article 4929, Revised Statutes of 1925.

The right of the parties to contract for idemnity in accord-

ance with the terms of the co-insurance clause and of the three-fourths value clause was steadily upheld in the courts of Texas, subject to the limitation that neither clause would be enforced in case of a total loss where the policy was on real property. East Texas Fire Ins. Co. v. Coffee, 61 Texas, 295; Queen Ins. Co. v. Jefferson Ice Co., 64 Texas, 582; Sun Mut. Ins. Co. v. Tufts, 20 Texas Civ. App., 147, 50 S. W., 182, wherein writ of error was denied; State Mut. Fire Ins. Co. v. Cathey, 153 S. W., 936; Pennsylvania Fire Ins. Co. v. Moore, 21 Texas Civ. App., 528, 51 S. W., 878.

Co-insurance clauses in substance require of the assured to maintain insurance on each item of property insured equal to its actual cash value, or a certain percentage thereof, and failing to do so make the assured an insurer to the extent of the deficiency, and require the assured as such co-insurer to bear his proportionate part of loss on each item.

The substance of the three-fourths value clause, when there is but one policy, is that the company shall in any event be liable only for three-fourths the actual cash value of each item of property insured. If there be other policies, then the company shall be liable for its proportionate part of three-fourths the actual cash value of each item insured at the time of the fire.

The Legislature must have known that both co-insurance clauses and three-fourths value clauses were commonly used in writing fire insurance in Texas, when it adopted Article 4893 of the Revised Statutes of 1911. That article read:

"Co-insurance Clauses—No company subject to the provisions of this chapter may issue any policy or contract of insurance covering property in this state, which shall contain any clause or provision requiring the assured to take out or maintain a larger amount of insurance than that expressed in such policy, nor in any way providing that the assured shall be liable as co-insurer with the company issuing the policy for any part of the loss or damage which may be caused by fire to the property described in such policy; and any such clause or provision shall be null and void and of no effect; provided, that is may be optional with the assured to accept a policy or contract of insurance containing a co-insurance clause or provision when a reduction in the rate of insurance on the property described in such policy is the consideration named in such clause, and when so accepted, the co-insurance clause or provision shall be binding on the assured."

Chapter 104, Acts 33d Legislature, approved April 2, 1913, amended the foregoing article so as to thereafter read as follows:

"Co-Insurance Clauses. No company subject to the provisions of this Chapter shall issue any policy or contract of insurance covering property, real or personal, situated in this State which shall contain any clause or provision requiring the assured to take out and maintain a larger amount of insurance than that expressed in such policy, nor in any way providing that the assured will be liable as a co-insurer with the company issuing the policy for any part of the loss or damage which may be caused by fire to the property described in the policy, and any such clause or provision shall be null and void and of no effect, whether written with or without the consent of the assured; and any company issuing a policy with such provision or provisions therein shall nevertheless be liable to the assured for the full amount of the damage and loss sustained by the property holder, not exceeding the face of the policy, notwithstanding such provision or provisions; provided that oil in tanks, wool, mohair, grain, rice, cotton, cotton seed oil mills and products attached thereto, are hereby exempted from the provisions of this Act."

The emergency clause to this Act declared that the necessity for its immediate enactment was due to the fact that "there is no adequate law in the State of Texas protecting the assured against the issuance of policies requiring the assured to maintain a larger amount of insurance than expressed in the policy and also requiring them to become co-insurers with the company or companies issuing the policies for any part of the loss or damage caused by fire to the property insured."

It is to be noted that both the statute of 1911 and the amendment of 1913 contain no specific reference, either in the body of the Act or in the emergency clause, to three-fourths value clauses, but deal specifically with co-insurance clauses. Considering the purpose and operation of the two kinds of clauses, we do not believe the conclusion can be maintained that the statute of 1911 or its amendment was designed to forbid the continuance of three-fourths value clauses.

Speaking of the three-fourths value clause, Gebhardt says, on pages 184 to 186 of his book on Principles of Insurance: "The prime purpose of this clause is to prevent over insurance, just as the co-insurance clause is intended to encourage a reasonable amount of insurance. * * * Fire not only destroys the

property with over insurance on it, but it may also spread to adjoining property and occasion losses both on insured and uninsured property. The Three-fourths Value Clause thus makes it to the interest of the insured to care for his property. It has a significance not only for all insured property owners, but also for other property owners and the public at large. It reduces the moral hazard among holders of insured property, and this contributes to producing a fair burden in the charge for each. It reduces the hazard for those whose property is not insured, and it is in harmony with good public policy, because it is in opposition both to criminal acts and undue carelessness in the use of property."

It would be unreasonable to hold that the statute of 1911 or its amendment was intended to make all policies liquidated demands for the fixed sums stated on the face of the policies. For the Legislature has never repealed but has continually re-enacted the statute of 1879 giving that effect to policies only "in case of a total loss," and declaring that no such effect shall be given to policies covering personal property.

The action of the officials charged with the administration of our insurance laws has been such as to repel the conclusion that the Legislature intended by the statute of 1911 or of 1913 to prohibit the Three-fourths Value Clause. The State Insurance Board and the State Insurance Commission have since the enactment of these statutes continued to prescribe and authorize the use of the Three-Fourths Value Clause in policies insuring certain risks, and have fixed and maintained rates in view of the limitation on the insurer's liability which the clause specifies. Surely the Legislature would not have acquiesced in this construction of the statutes for all these years, and re-enacted them, without change in this respect, had such construction been divergent from the legislative intent.

If there be abuse in the use of this clause, relief may be furnished by the State Insurance Commission in prescribing forms for insurance contracts or by the Legislature. But, since we conclude that the Legislature has used language to prohibit co-insurance clauses, which does not forbid parties contracting with each other in the terms of the Three-fourths Value Clause, when authorized so to do by the action of the Insurance Commission in fixing rates and in prescribing forms of insurance policies, it is beyond our province to strike down the Three-fourths Value Clause in a policy freely entered into

and duly authorized. Milwaukee Mechanics Ins. Co. v. West Development Co. (115 Texas, 361, 282 S. W., 562), this day decided.

It is ordered that the judgments of the District Court and of the Court of Civil Appeals be reformed so as to deny any recovery for the items omitted from the proofs of loss, and that defendant in error's recovery be limited to the $355.87, tendered by plaintiff in error, and to three-fourths the cash value of the two moving picture machines and the compenarc, with interest on the total recovery from June 25, 1920, at the rate of 6% per annum, and that said judgments as reformed be affirmed, with the costs of the Court of Civil Appeals and of the Supreme Court taxed against defendant in error.

*Reformed and affirmed.*