MILWAUKEE MECHANICS' INSURANCE COMPANY V. WEST DEVELOPMENT COMPANY ET AL.

No. 4479.   Decided March 31, 1926.

(282 S. W., 562).

**1.—Insurance—Fire—Liability Limited to Two-thirds of Value.**

A provision in a policy of fire insurance on personal property limiting the liability of the insurer for the amount of insurance specified to three-fourths of the value of the property destroyed is valid, and is not prohibited by Art. 4891 (4893), Rev. Stats. of 1925, relating to co-insurance. Commercial Union Assur. Co. v. Preston, 115 Texas, 351, followed. (Pp. 363-365.)

**2.—Same—Statute—Co-insurance.**

The object of the clause in regard to co-insurance by another insurer or by insured himself, formerly in common use, was to compel insurance to the full value of the property covered. That of the two-thirds value clause was a limitation of the amount of insurance carried. As these are entirely different, the prohibition of the former by Art. 4891, Rev. Stats., 1925, implied no prohibition of the two-thirds value clause. (Pp. 363, 364.)

Error from the Court of Civil Appeals for the Tenth District, in an appeal from McLennan County.

The West Development Company sued the Milwaukee Mechanics' Insurance Company, and obtained a judgment which was affirmed on appeal by defendant. Appellant thereupon procured writ of error.

*Thompson, Knight, Baker & Harris,* for plaintiff in error, cited:  Queen Ins. Co. v. Jefferson Ice Co., 64 Texas, 578; Sun

Mut. Ins. Co. v. Tufts, 20 Texas Civ. App., 147, 50 S. W., 180; State Mut. F. Ins. Co. v. Cathey, 153 S. W., 936; Gebhart's Principles of Insurance, 184-186; Springfield F. & M. Ins. Co. v. Dickey, 174 Pac., 235; Simon v. Queen Ins. Co., 45 So., 396.

*Sleeper, Boynton & Kendall,* for defendants in error, cited: Art. 4893, Rev. Civ. Stats.; Fireman's Ins. Co. v. Jesse French Piano Co., 187 S. W., 691; Cont. Union Ins. Co. v. Preston, 238 S. W., 326; McPherson v. Camden F. Ins. Co., 222 S. W., 211.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

Defendant in error, West Development Company, sued plaintiff in error, Milwaukee Mechanics' Insurance Company, to recover $4,000.00 and interest on a fire insurance policy issued by plaintiff in error on a mercantile building in West, Texas, belonging to said defendant in error. A mortgagee was joined as a party defendant and no one questions her right to share in whatever recovery is had on the policy.

The policy contained a three-fourths value clause, to wit:

"It is understood and agreed to be a condition of this insurance that in the event of loss or damage by fire to the property insured under this policy this company shall not be liable for an amount greater than three-fourths of the actual cash value of each item of property insured by this policy not exceeding the amount insured on each item) at the time immediately preceding such loss or damage, and in the event of additional insurance, if any is permitted hereon, then this company shall be liable for its proportion only of three-fourths of such value of each item insured at the time of the fire. not exceeding the amount insured on each item."

The insured carried $14,000.00 insurance, including the policy sued on, which was for $4,000.00. The jury found that the building was not a total loss after the fire, having a cash market value of $500.00 and that it had a cash market value immediately before the fire of $16,700.00.

Plaintiff in error carried two-sevenths of the aggregate amount of insurance on the building. Its proportionate part of three-fourths of the actual cash value of the insured property was therefore 2/7 of 3/4 of $16,700.00, making $3,578.57.

The District Court gave judgment against plaintiff in error for $4,178.00, and interest, and the Honorable Court of Civil Appeals at Waco affirmed the judgment, holding void the three-fourths value clause in the policy on the ground that it was for-

bidden by Article 4893 of Complete Texas Statutes, carried into the Revised Statutes of 1925 as Article 4891.

The single question presented here is as to the validity of the three-fourths value clause in this insurance policy.

Unless prohibited by the terms of Article 4893, there can be no doubt that the parties were bound by the provisions of the three-fourths value clause.  Commercial Union Assurance Company, Ltd., v. Preston, this day decided.

Article 4893 reads:

"No company subject to the provisions of this Chapter may issue any policy or contract of insurance covering property in this State, which shall contain any clause or provision requiring the assured to take out or maintain a larger amount of insurance than that expressed in such policy, nor in any way providing that the assured shall be liable as co-insurer with the company issuing the policy for any part of the loss or damage which may be caused by fire to the property described in such policy; and any such clause or provision shall be null and void and of no effect   *   *   * "

When the statute was enacted there was in common use in Texas a clause in standard fire insurance policies called a co-insurance clause, which required the insured to carry insurance on each item of property insured equal to the cash value thereof, or equal to a certain percentage of such cash value, and which provided that upon the assured's failure to carry the prescribed amount of insurance he should bear his proportionate part of any fire loss on each item as co-insurer to that extent.   The co-insurance clause was enforced as a contractual stipulation binding on the parties.   Pennsylvania Fire Insurance Co. v. Moore, 21 Texas Civ. App., 528, 51 S. W., 878.

The purpose of the co-insurance clause was to encourage insurance for the full value of property or for a large percentage of that value.   It penalized the insured for his failure to take out and have a prescribed .amount of insurance.   The terms of the statute prohibit co-insurance clauses and nothing else.

Since the Legislature plainly confined the terms of its specific prohibition to co-insurance, we cannot extend it to the three-fourths value clause, unless we can find something in the statute to warrant the conclusion that the Legislature so intended, and that we have been unable to do.

The three-fourths value clause in the policy sued upon contains no requirement for other insurance and refers in no wise to the insured assuming any responsibility as co-insurer.   Instead, it provides simply that in the event of other insurance

the company shall not be liable for a greater amount than its proportionate part of three-fourths the actual cash value of the property at the time and place of the fire. Is such a clause so related to co-insurance that it should be said to come within the condemnation of co-insurance?

Under a policy containing a co-insurance clause, the insured can never recover the full amount of his loss, be it total or partial, unless he has insurance for the full value of his property, save in case of a total loss to real property. Under the three-fourths value clause, the insured always recovers the full amount of his damage or loss on each item, not to exceed the full sum promised, where the damage or loss is not in excess of three-fourths the actual cash value of each item insured, provided that the insured invariably recovers the full amount of the policy in case of total loss to realty. To illustrate: If property worth $16,000 suffers fire damage of $10,000, and is insured for $14,000, and the co-insurance clause requiring full value insurance is enforcible, then the insurer pays only 14/16 or 7/8 of the loss of $10,000. If property worth $16,000 suffers fire damage of $10,000, and is insured for $14,000 and there is no enforcible co-insurance contract, but instead the three-fourths value clause applies, then the insurer pays the entire $10,000 for the reason that this sum is less than 3/4 of $16,000. The essential purpose of the three-fourths value clause is to lessen the fire hazard for both insurers and non-insurers by preventing certain classes of property, selected in Texas by the State Insurance Commission, from being insured for full value. The prime object of co-insurance is exactly the reverse of this.

We are bound to conclude that the three-fourths value clause, having a purpose so different from that of the co-insurance clause, and having so divergent an effect in actual application, was not in the minds of the Legislature in forbidding co-insurance provisions in fire insurance policies. Commercial Union Assurance Company, Ltd., v. Preston, supra.

Our conclusions in this case and in the case last cited are in harmony with the views expressed by the Kansas City Court of Appeals, in Surface v. Northwestern Insurance Company, 157 Mo. App., 576, 139 S. W., 264, as follows:

"It cannot be successfully claimed that the three-fourths value clause in the policy in suit compels co-insurance on the part of the insured. There is a vast difference between co-insurance on the part of the insured, and the limiting of insurance to a percentage of the value of the property insured. The one has a tendency to increase the insurance contrary to the policy of the

law, and the other to decrease it, which is in accord with the policy of the law. The statute was intended to suppress the evil practice of some insurance companies of compelling the insured to insure his property up to a high percentage of its value, on pain of being held as an insurer himself to the amount the insurance actually carried by him was in defect of the amount his policy required him to carry. The statute was not intended to impinge on the salutary three-fourths rule pronounced in Section 7030, nor to prevent the parties from contracting in a way to give practical effect to the spirit of that rule."

The judgments of the District Court and of the Court of Civil Appeals will be reformed so as to award to defendants in error the sum of $3,578.57, being 2/7 of 3/4 of the actual cash value of the property when damaged by fire, with interest and costs of the District Court, and said judgments as so reformed will be affirmed, the costs of the Court of Civil Appeals and of the Supreme Court being taxed against defendants in error.

*Reformed and affirmed.*