## MUTUAL BENEFIT HEALTH & ACCIDENT ASS'N v. SHELTON.

### No. 926.

Court of Civil Appeals of Texas. Waco.

May 1, 1930.

G. J. Cleary and V. J. Skutt, both of Omaha, Neb., and Burgess, Burgess, Chrestman & Brundidge, and O. A. Fountain, all of Dallas, for appellant.

Henry Tirey, of Dallas, for appellee.

GALLAGHER, C. J.

This suit was instituted by appellee, J. R. Shelton, against appellant, Mutual Benefit Health & Accident Association, to recover on an accident policy issued to him by appellant for time lost as the result of accidental injuries suffered by him. Appellee attached his policy to his petition and made the same a part thereof. He alleged that he suffered an accidental injury in December, 1927, and that he was disabled as a result thereof for a period of fifteen days, ending January 15, 1928. He further alleged that he suffered another such injury on the 20th day of January, 1928, and that he was disabled as a result thereof for a period of forty-five days thereafter. He sued to recover indemnity for the time lost during both said periods of disability at the stipulated rate of $150 per month.

The trial was to the court and resulted in a judgment in favor of appellee against appellant for the sum of $300, with legal interest from March 20, 1928.

### Opinion.

Appellant by appropriate propositions contends that appellee's petition was insufficient to support the recovery awarded, because he failed to allege that he furnished appellant in each instance proofs of accidental injury and resulting disability, as required by the terms of the policy sued on, and that the evidence was insufficient to support the judgment because there was no testimony that appellee furnished appellant such proof with reference to the second accident. The policy sued on contained a provision requiring appellee, in case of claim thereunder for loss of time from disability, to furnish appellant affirmative proof of such loss within ninety days after the termination of the period of disability claimed, and another provision that, if the time limit for furnishing proof of loss as stipulated therein was less than permitted by the laws of this state, such time was thereby extended to agree with the minimum period permitted by such laws. Said provisions, construed together, were not inconsistent with article 5546 of our Revised Statutes, and the effect thereof was to require appellee to furnish appellant with such proofs within nine-

ty-one days after the termination of the respective periods of disability. Ætna Casualty & Surety Co. v. Austin (Tex. Civ. App.) 285 S. W. 951, 954, par. 10, affirmed (Com. App.) 300 S. W. 638; Texas Glass & Paint Co. v. Fidelity & Deposit Co. (Tex. Com. App.) 244 S. W. 113, 114, par. 1; Travelers' Ins. Co. v. Scott (Tex. Civ. App.) 218 S. W. 53 (writ refused). Compliance with such requirement was by the terms of the policy made a condition precedent to a recovery thereon. Appellee's petition contained no allegation that he had furnished appellant proofs of loss so required with reference to either of said accidents. Neither did it contain any allegation which would excuse him for failing to do so. Such petition was therefore subject to a general demurrer. Ætna Casualty & Surety Co. v. Austin, supra, 285 S. W. page 954, par. 12, and authorities there cited; Missouri State Life Ins. Co. v. Le Fevre (Tex. Civ. App.) 10 S.W.(2d) 267, 270, par. 7. It was also incumbent upon appellee to prove that such proofs were furnished, or to prove facts which excused him from doing so. Missouri State Life Ins. Co. v. Le Fevre, supra, 10 S. W.(2d) page 270, par. 7, and authorities there cited. No such testimony with reference to the second accident and resulting disability claimed by appellee was introduced. Appellant's said propositions are therefore sustained, and the judgment of the trial court is reversed, and the cause is remanded.