CONNECTICUT GENERAL LIFE INS. CO. v. WILLIAMS.

No. 2707.

Court of Civil Appeals of Texas. Beaumont.

Oct. 10, 1935.

Rehearing Denied Nov. 6, 1935.

Orgain, Carroll & Bell, of Beaumont, for appellant.

David E. O'Fiel and Tom C. Stephenson, both of Beaumont, for appellee.

WALKER, Chief Justice.

In the court below appellee, Sidney Williams, was plaintiff and appellant, Connecticut General Life Insurance Company, was defendant; appellee's suit was for damages for total permanent disability under two policies of insurance, policy No. G5039 with a certificate thereon, and policy No. G5545 with its certificate, issued by appellant in appellee's favor. On the verdict of the jury judgment was entered in favor of appellee against appellant for the sum of $3,500, with interest at 6 per cent. per annum from the 17th day of February, 1935.

The trial court erred in overruling appellant's plea in abatement, verified under the provisions of article 4546, R. C. S., to the effect that this suit was "prematurely brought"; the point made by the plea is that the proofs of loss required by the policies and their certificates were conditions precedent to liability, and that no proofs of loss were furnished by appellee.

The policies and their certificates contained the following provisions relating to proofs of loss:

Policy G5039 provides as follows: "The Connecticut General Life Insurance Company of Hartford, Connecticut (hereinafter called the Company) hereby agrees, on receipt of due proof of death, or of permanent total disability as hereinafter defined, occurring before the age of sixty of any employee of the Gulf Oil Corporation or any of its subsidiary companies (hereinafter called Employer) to pay, etc."

Policy G5545, dated April 1, 1925, provides: "The Connecticut General Life Insurance Company of Hartford, Connecticut (hereinafter called Company) hereby agrees, subject to the terms and conditions of this policy, to pay immediately upon receipt of due proof of death or of permanent total disability as hereinafter defined of any of the employees of Gulf Oil Corporation of Pennsylvania and/or affiliated and/or subsidiary companies (hereinafter called Employer) the sum, etc."

The certificate issued under policy G5039 provided: "No claim for permanent total disability incurred by an employee during his period of employment shall be paid after the termination of his employment unless the employee gives notice of the disability to his superior in writing while in the employ of the Gulf Companies or within 60 days thereafter."

The certificate issued under policy G5545 provided: "No claim for permanent total disability incurred by any employee during his period of employment shall be paid after the termination of such employment unless such employee gave notice of such disability to the employer during the said period of employment or within 60 days thereafter. No action shall be instituted against the company by any employee upon any claim under this policy unless the said employee shall have given notice to the company of such claim within two years after the termination of his employment."

█ The furnishing of the proofs of loss under these conditions were conditions precedent to recovery. Garrison v. Great Southern Life Ins. Co. (Tex.Civ.App.) 72 S.W.(2d) 692. These conditions of the policy requiring proofs of loss were reasonable and were not in violation of any statute or public policy. Mutual Benefit Health & Accident Ass'n v. Shelton (Tex. Civ.App.) 27 S.W.(2d) 845; Commercial Union Assur. Co. v. Preston, 115 Tex. 351, 282 S.W. 563, 45 A.L.R. 1016.

No proofs of loss were furnished. All the evidence on that issue was as follows:

(a) Letter to the Connecticut General Life Insurance Company dated May 25, 1931, which is as follows:

"May 25, 1931.

"Connecticut General Life Insurance Company, Hartford, Connecticut.

"Gentlemen: This will advise that I represent Sidney Williams for 2 policies, Group Insurance taken out by Sidney Williams through Gulf Oil Corporation and being Certificates No. 66451 and 39945.

"Sidney is now totally and permanently disabled by reason of injuries received while in the employ of Gulf Refining Company at Port Arthur, Texas, on the 17th day of July, 1925.

"Advise your attitude towards an adjustment of these policies at an early date and oblige, I am,

"Yours very truly,
"Tom C. Stephenson
"By ――――――."

(b) Letter to the Connecticut General Life Insurance Company dated June 12, 1931, which is as follows:

"June 12, 1931.

"Connecticut General Life Insurance Company, Hartford Connecticut.

"Gentlemen: In Re: Sidney Williams.

"Under date of May 25, 1931, I wrote you with reference to your attitude with reference to the policy of Sidney Williams, colored, to date I have heard nothing from you with reference to this matter and I muse insist that you give me something definite at an early date and oblige, I am,

"Yours very truly,
"Tom C. Stephenson
"By ――――――."

(c) Letter from the Connecticut General Life Insurance Company to Tom C. Stephenson, attorney, dated June 13, 1931, which is as follows:

"Connecticut General Life Insurance
Company
"Claim Department
"June 13, 1931, Hartford, Conn.
"Robert K. Metcalf, Manager
"Godfrey M. Day, Assistant Manager
"Mr. Tom C. Stephenson, 442 Keith Building, Beaumont, Texas.
"Sidney Williams

"Dear Sir: It is your privilege to furnish us with any evidence which you believe will substantiate the claim indicated in your letter of May 25. Any such infor-

mation we will review without prejudice to our position in the matter.

"You are, of course, aware that this insurance is now and has been cancelled for sometime.

"Yours very truly,
"R. K. Metcalf, Manager."

■ These letters were nothing more than notice to appellant of appellee's claim, and in no sense constituted proof of loss, as required by the policy conditions. The following definition of proof of claim of loss is given by Couch's Cyclopedia of Insurance Law, vol. 7, par. 1527: "And due proof of claim of loss under a policy means such a statement of facts, reasonably verified, as, if established in court, would prima facie require payment of the claim, and does not mean some particular form of proof which the insurer arbitrarily demands; nor does the statement of one adequate fact in proof exclude others omitted through mistake or ignorance."

■ We cannot agree with the contention of appellee that appellant's letter to him dated June 13, 1931, constitutes a waiver of proof of loss, or that this letter estopped appellant from denying that proof of loss had been furnished. As we construe this letter, it was an invitation to appellee to furnish appellant with evidence to substantiate his claim of permanent total disability, and a promise by appellant to review the evidence "without prejudice" to its position. The fact that appellant made the statement, which is true in fact, "that this insurance is now and has been cancelled for sometime," was in no sense a denial of liability. The policy had been canceled, but if liability accrued before the cancellation of the policy, then, of course, appellant was liable, and there was nothing in the letter denying liability if it accrued while the policy was in effect.

On these conclusions this suit was prematurely instituted, and the issues of estoppel and waiver were not raised against appellant.

Certain exceptions are brought forward against the form of the questions submitted to the jury. In view of another trial, we suggest that these questions be made to comply with the rule announced by the Commission of Appeals in Federal Surety Co. v. Smith, 41 S.W.(2d) 210.

The contention that the issue of permanent total disability was not raised by the

evidence is overruled; it would serve no useful purpose to review in detail the evidence on that issue.

The propositions that certain issues and certain testimony were without support in the pleadings can be obviated upon another trial.

For the reasons stated, the judgment of the lower court is reversed and the cause remanded.