Gwendolyn Jean **NORRIS** et vir, Appellants,

v.

**COMBINED AMERICAN INSURANCE COMPANY, Appellee.**

**No. 361.**

Court of Civil Appeals of Texas.

Tyler.

May 30, 1968.

Huff & Bowers, Broadus A. Spivey, Lubbock, for appellants.

Gordon Treadaway, Lubbock, Brundidge, Fountain, Elliott & Churchill, Bobby D. Dyess, Dallas, for appellee.

MOORE, Justice.

This is an appeal from an order granting a motion for summary judgment. Appellant brought suit against appellee, Combined American Insurance Company, seeking to recover the sum of $562.00 for medical and hospital benefits as provided for in two policies of insurance, together with a 12% penalty and attorney's fees. The company denied liability and filed a motion for summary judgment, setting up facts showing that appellant failed to comply with the terms of the policies because of her failure to file the proofs of loss as required by the policies under the following provisions:

"(6) Claim Forms: The Company, upon receipt of a notice of claim, will furnish to the claimant such forms as are usually furnished by it for filing proofs of loss. If such forms are not furnished within fifteen days after the giving of such notice the claimant shall be deemed to have complied with the requirements of this policy as to proof of loss upon submitting, within the time fixed in the policy for filing proofs of loss, written proof covering the occurrence, the character and the extent of the loss for which claim is made.

"(7) Proofs of Loss: Written proof of loss must be furnished to the Company at its said office in case of claim for loss for which this policy provides any periodic payment contingent upon continuing loss within ninety days after the termination of the period for which the Company is liable, and in case of claim for any other loss within ninety days after the date of such loss. Failure to furnish such proof within the time required shall not invalidate nor reduce any claim if it was not reasonably possible to give proof within such time, provided such proof is furnished as soon as reasonably possible and in no event, except in the absence of legal capacity, later than one year from the time proof is otherwise required."

The motion for summary judgment, together with the supporting affidavits, specifically alleged that the company mailed appellant the necessary proof of loss forms, but that she failed to complete and return the same to the company, and that the company had never received any type of written proof covering the occurrence, the character and extent of appellant's loss.

After the motion was filed, the parties entered into the following admissions and stipulations:

"Defendant Combined American Insurance Company admits

"(1) That on or about December 12, 1963 it issued its policies of insurance numbered 680935 A and 680936 A to Gwendolyn Jean Norris,

"(2) That copies of such insurance policies were attached to plaintiff's first amended original petition,

"(3) That such policies were in force and effect on January 3, 1964,

"(4) That it did not furnish proof of loss forms to Gwendolyn Jean Norris within fifteen days from January 20, 1964, the date it received notice of injury sustained by Gwendolyn Jean Norris on January 3, 1964.

"2.

"Plaintiff Gwendolyn Jean Norris, now Gwendolyn Jean Bundrant, admits that she did not furnish and has not furnished to Combined American Insurance Company written proof of loss covering the occurrence, the character, and the extent of loss for which the claim is being made and on which this suit has been filed * * *."

Appellant subsequently filed an unsworn amended answer alleging that since the company failed to furnish proof of loss forms within 15 days after notice of injury, appellant should be "deemed" to have complied with the proof of loss requirements. In her reply to the motion, appellant asserted generally that the evidence created a genuine issue fact and attached her opposing affidavit. In her affidavit, she does nothing more than deny that she received the proof of loss forms which the employees of the company testified they mailed her. She does not contend that she ever furnished the company with any type of written proof of loss prior to the time she filed suit on January 4, 1966.

The provisions of each of the policies concerning the claim and proof of loss are identical with those provided by Art. 3.70–3, Insurance Code, V.A.T.S.

■ These provisions, we think, clearly make the furnishing of written proofs of loss a condition precedent to the enforcement of the policy. Therefore, no right of action would accrue against the insurer until that condition had been performed, or the performance thereof had been waived or otherwise excused. Commercial Union Assur. Co. v. Preston, 115 Tex. 351, 282 S.W. 563, 566, 45 A.L.R. 1016; McKay v.

American Central Ins. Co. (Tex.Civ.App.) 245 S.W.2d 529; 32 Tex.Jur.2d, Sec. 371, p. 574.

There is no evidence that the company denied liability within the time limits fixed by the policy for filing proofs of loss, and appellant does not contend that she was relieved of the responsibility of filing proofs of loss on that ground. Nor does she contend that she was relieved of the responsibility of furnishing proofs of loss on the ground that she was either mentally or physically disabled.

Appellant takes the position that the insurance company is estopped to assert the defense of failure to furnish proofs of loss, because the company waived such a defense by failing to furnish her with the necessary forms. Therefore, she contends that the summary judgment must be reversed because she says her testimony to the effect that the company failed to furnish the forms was sufficient to raise the issue of waiver. She argues that the above quoted provisions of the policies must be construed to mean that the company agreed that if it failed to furnish her with the necessary forms for filing proof of loss within 15 days after notice, the company would waive proof of loss. Consequently, she maintains that since there is a dispute in testimony as to whether the company furnished the forms, a fact issue was created upon the question of waiver.

■ As we interpret the provisions of the policies, the language used therein cannot be accorded the construction placed thereon by appellant. Each of the policies specifically provided that in the event the company failed to furnish the forms within 15 days after notice, the claimant nevertheless had a duty to submit to the company within the time fixed by the policy some type of written proof covering the occurrence, the character and extent of the loss for which claim is made. Thus, under the provisions of the policies, appellant contracted to furnish such proofs of loss even though the company failed to furnish the

blank forms therefor. 32 Tex.Jur.2d, Sec. 382, p. 592; Southern Surety Co. v. Aronson (Tex.Civ.App.) 5 S.W.2d 629, 632; Inter-Ocean Casualty Co. v. Johnston (Tex.Civ.App.) 47 S.W.2d 696, rev'd. on other grounds, 123 Tex. 592, 72 S.W.2d 583. The failure by the company to supply proof of loss forms would not relieve her of her obligation to furnish proof of loss. Had appellant performed her obligation under the contract, this litigation might not have been necessary. Consequently, under our construction of the terms of the policies, we think appellant's evidence showing only that the company failed to furnish the forms would not, as a matter of law, be sufficient to create an issue of fact upon the question of waiver.

The judgment of the trial court is affirmed.