213 So.2d 747 (1968)
The AMERICAN MUTUAL FIRE INSURANCE COMPANY, Appellant,
v.
Llewellyn D. ILLINGWORTH and Dean Illingworth, Appellees, Eddie J. Ferrentino and Elaine Ferrentino, Appellees.
No. 67-481.
District Court of Appeal of Florida. Second District.
August 30, 1968.
W.J. Burmeister, of Ramseur, Bradham, Lyle, Skipper & Cramer, St. Petersburg, for appellant.
Robert W. Holman, of Hammond & Holman, Pinellas Park, for appellees Illingworth.
Ray Ulmer, Jr., of Roney & Ulmer, St. Petersburg, for appellees Ferrentino.
*748 ALLEN, Judge.
The appellant is appealing two adverse final judgments of the court below from a writ of garnishment by appellees  Illingworth, and a cross-claim by appellees  Ferrentino.
This cause of action arose out of a suit instituted by the appellees  Illingworth, plaintiffs below, against the appellees  Ferrentino, defendants below, as a result of an automobile collision. Mr. Eddie J. Ferrentino was driving the vehicle at the time of the collision with the Illingworth vehicle. The suit went to trial and the jury returned a verdict for $6,372.50 in favor of the Illingworths.
At the time of the accident the Ferrentinos had a contract of insurance with the appellant. This insurance contract contained an endorsement excluding the appellant from any liability incurred while any vehicle covered under the insurance contract was operated by Mr. Eddie J. Ferrentino. Because of this exclusionary endorsement, the appellant refused to defend the suit against the Ferrentinos and to pay the judgment under the limits of the policy.
The appellees  Illingworth, then filed garnishment affidavits and a writ of garnishment against the appellant. The appellees  Ferrentino subsequently filed a cross-claim against the appellant seeking attorney's fees. Hearings were held before the trial court sitting without a jury and the appellees were awarded a judgment in their favor.
Appellees contend that the appellant is estopped to deny coverage under the insurance contract because of appellant's failure to respond to proof of coverage by the filing of the SR-21 form report and to file the exclusionary endorsement form with the office of the insurance commissioner of the State of Florida under Fla. Stat. § 627.01091, F.S.A. These points were argued in the hearings in the court below.
Appellant presents two points on appeal:
1. DID THE EVIDENCE PRESENTED AT THE FINAL HEARING ON SEPTEMBER 11, 1967 SHOW THAT THE GARNISHEE WAS IN ANY WAY ESTOPPED FROM DENYING THE CLAIM OF THE PLAINTIFFS DUE TO THE FACT THAT IT HAD NOT RESPONDED TO THE SR-21 FORM FILED WITH THE INSURANCE COMMISSIONER'S OFFICE, OR WITH FLORIDA STATUTE 627.01091 [F.S.A.]?
2. WAS THE INTERPRETATION PLACED ON FLORIDA STATUTE 627.01091 [F.S.A.] AT THE TIME OF THE HEARING OF SEPTEMBER 11, 1967 ERRONEOUS?
As to the first point on appeal, we look to the order of the trial judge which in part stated:
"1. That subsequent to the accident, and pursuant to Florida Statute 324 [F.S.A.], Defendants filed an SR-21 with the Financial Responsibility Division, State of Florida, on September 24, 1962, certifying that the said defendants were insured at the time of the accident by the garnishee, The American Mutual Fire Insurance Company.
"2. That the Financial Responsibility Division forwarded a copy of said SR-21 to the garnishee for verification of coverage; that previous thereto, said office had notified the garnishee carrier that if the said carrier did not respond to the SR-21 within 30 days from receipt thereof, coverage relative to the reported accident would be deemed to have been in effect.

"3. That the garnishee failed to respond thereto, and by virtue of its failure to disclaim coverage, is now estopped from denying coverage for the subject accident." (Emphasis added.)
*749 Since the court below was sitting without a jury, it is the sole trier of fact and its judgment carries the weight of a jury verdict. We have carefully reviewed the record on appeal and find sufficient evidence to support the findings of the trial court. We must therefore answer the first question presented to us in the affirmative in favor of the appellees and adversely to the appellant.
The second question presented to us deals with the interpretation of Fla. Stat. § 627.01091, F.S.A. by the trial court. In its order the trial court found that:
"4. Further, that the garnishee insuror, in the instant proceeding denied liability on the basis of an endorsement attached to the policy which purported to exclude coverage when the subject vehicle was being operated by the defendant, Eddie J. Ferrentino, a co-owner of the vehicle and the co-defendant in this cause.
"5. That prior to the garnishee's issuing its policy of insurance with attached exclusion to the defendants, and prior to the accident of August 26, 1962, the garnishee had not filed with the Insurance Commissioner of Florida, for his approval, pursuant to Florida Statute 627.01091 [F.S.A.], an exclusionary endorsement form of the same type as attached to the subject policy prior to the use thereof; that said endorsement was not of such unique character as would except it from the provisions of F.S. 627.01091 [F.S.A.] and, therefore, said endorsement is null and void and the garnishee's policy afforded coverage to both defendants." (Emphasis added.)
All of the parties to this cause agree that no cases have been rendered which construe or pass upon this statute. Our own independent research has failed to reveal any Florida cases directly on point.
Fla. Stat. § 627.01091, F.S.A. states:
"No basic insurance policy or annuity contract form, or application form where written application is required and is to be made a part of the policy or contract, or group certificates issued under master contracts delivered in this state, or printed rider or endorsement form or form of renewal certificate, shall be delivered or issued for delivery in this state, unless the form has been filed with and approved by the commissioner. This provision shall not apply to surety bonds, or to specially rated inland marine risks, nor to policies, riders, endorsements, or forms of unique character designed for and used with relation to insurance upon a particular subject (other than as to disability insurance), or which relate to the manner of distribution of benefits or to the reservation of rights and benefits under life or disability insurance policies and are used at the request of the individual policyholder, contract holder, or certificate holder. As to group insurance policies effectuated and delivered outside this state but covering persons resident in this state, the group certificates to be delivered or issued for delivery in this state shall be filed with the commissioner for information purposes only at his request." (Emphasis added.)
Appellant contends that this statute has no effect on the validity of the exclusionary endorsement found in the instant case. Appellant further contends that the exclusionary endorsement as found in this case is of such a unique character that it moves into the class of endorsements where no filing for approval is required.
We are unable to find any reason or logic to support any of the aforementioned contentions of the appellant.
As to appellant's first contention, we find support for the theory that failure to file under the provision of the statute renders the endorsement null and void. While we readily admit that there is not an abundance of authority on this point in the United States and none in Florida, we cite as authority the case of Commercial Union Assurance Co., Limited v. Preston (1926) 115 Tex. 351, 282 S.W. 563, 45 A.L.R. 1016.
*750 In the Commercial Union case there was a similar exclusionary endorsement which had not been approved by the Texas insurance commission pursuant to a statute. Justice Greenwood, in his opinion, stated:
"We agree with the Court of Civil Appeals that a clause or indorsement added to the standard form of fire insurance policy, without the authorization or approval of the state insurance commission, is void under article 4891, Complete Texas Statutes, now articles 4888 and 4889, R.S. of 1925; otherwise true effect cannot be given to the prohibition that no other forms be used than those established or approved by the commission. First Texas State Ins. Co. v. Smalley, 111 Tex. [68] 72, 228 S.W. 550.
"The purpose of statutes such as ours is well stated in Bourgeois v. Northwestern National Ins. Co., 57 N.W. [347] 348, 86 Wis. 606 609, in the following language:
"`This act is broad and sweeping in its terms and scope. It aims to bring order out of chaos. Prior to its passage there were as many different contracts of insurance as there were companies. The variations and differences between the conditions of the policies issued by the various insurance companies were almost infinite in number; new clauses and conditions were being constantly inserted, generally ingeniously worded and obscurely printed; and singularly enough, these new conditions were always in the interest of the insurer, and not of the insured. To meet this condition, the act under consideration was passed. That it is a long step in the right direction cannot be doubted. Under it there can be practically but one form of policy. When a man contracts for insurance, he knows that he is contracting for a standard policy and for nothing else, and he knows that he will get that and nothing else.'"
See also 29 Am.Jur., Insurance, Section 54, page 472, and 119 A.L.R. 885, 886.
A close reading of Fla.Stats. § 627.01091, F.S.A. indicates that the protection of the public is the primary purpose for the existence of the statute. Since it was the failure of appellant to have the endorsement approved, then the appellant's action must be construed strongly against appellant and in favor of appellees. Because the endorsement form was not approved by the insurance commissioner then any endorsement written on the unapproved form must be rendered void. If the form is not approved then the endorsement written on it in favor of the appellant must be in effect null and void.
Appellant asks us to believe that this was an endorsement of unique character and therefore it does not have to be approved by the insurance commissioner pursuant to § 627.01091. Appellant feels that it is unique because it was written on appellee, Eddie J. Ferrentino, and no one else. It is unique because it was an exclusionary endorsement removing liability from appellant for any automobile driven by Eddie J. Ferrentino. We cannot agree with this. We can find nothing contained in this form of exclusionary endorsement that gives it such a unique character to remove it from required approval under § 627.01091. It is a standard exclusionary form and the fact that it is written on a certain person does not give it a unique character. We hold that the trial court did not make an erroneous interpretation of Fla. Stat. § 627.01091, F.S.A. The interpretation placed on this statute by the trial court in view of the endorsement form in question is both reasonable and supported by common sense logic based on competent judicial authority and precedent. We must therefore answer the second point of appellant in the negative in favor of appellees.
Based on the above reasons and cited authority we affirm the order of the trial court granting the writ of garnishment to appellees  Illingworth against appellant. We further affirm the order of the trial *751 court granting the cross-claim of appellees  Ferrentino seeking attorney's fees and denying the cross-claim of appellant.
Affirmed.
LILES, C.J., and MANN, J., concur.