## GENERAL AMERICAN LIFE INSURANCE COMPANY, Appellant,

v.

## Eva Mae WILLIAMS, Appellee.

### No. 7872.

Court of Civil Appeals of Texas.

Texarkana.

Sept. 24, 1968.

Rehearing Denied Oct. 29, 1968.

Victor Hlavinka, Atchley, Russell, Hutchinson & Waldrop, Texarkana, for appellant.

Sidney Lee, Raffaelli, Lee & Hawkins, Texarkana, for appellee.

DAVIS, Justice.

This is a suit on a certificate of life insurance issued under a group life insurance policy that had been issued by defendant to The Murray Company of Texas, Inc., (Hereinafter referred to as Murray) as the employer of plaintiff's husband during his lifetime. Trial was to a jury which answered all special issues in favor of plaintiff. Judgment was entered for plaintiff. Defendant has perfected its appeal. It brings forward 12 points of error.

By its points, defendant complains of various errors on the part of the trial court, and, it goes on to argue the no evidence, insufficient evidence, and the jury verdict is contrary to the overwhelming weight and preponderance of the evidence. Since we can tell the points it is arguing about, we will go ahead and decide the case. It has the authority to amend or supplement its brief, and to even raise new points of error. Rule 431, Texas Rules of Civil Procedure.

Johnnie Williams, the insured, went to work for Murray in 1949 or 1950. He took out a certificate of life insurance in 1958 and made his wife, Eva Mae Williams, the beneficiary. The insured became ill in 1962. He did not report for work after December 18, 1962. He was carried on the payroll until July 23, 1963, at which time his employment was terminated because of illness not connected with his work. Murray continued to pay the insurance premiums until he was terminated. Upon ceasing to pay the premiums, the certificate of life insurance lapsed, or was canceled, as a matter of law. He died of pneumonia on January 10, 1965. During the last year of his employment, he had a sickness benefit certificate which required him to give written notice of the disease upon which he was claiming benefits. We quote from the plaintiff's (beneficiary) brief:

"However, during the last year that Williams' employment continued, he was quite ill, and he was paid sickness benefits under the appropriate certificate No. 2855 for the period beginning December 19, 1962, and ending April 2, 1963. *In order to receive such benefits, Williams was required to give, and did give, written notice of the disease upon which his claim was based.* Williams' employment with the Murray Company was terminated because of his physical condition on July 23, 1963." (Emphasis added)

On August 3, 1965, plaintiff wrote defendant a letter. In the letter she notified defendant that she had just found the *policy*, that she was his wife, "and can send all the EXPlain of his Death". She went on to say: "But i can give you all the prove of his Death you wont". Larry Treadway, a Claim Representative of defendant, answered plaintiff's letter on August 13, 1965, in which he advised plaintiff to get in touch with Mr. Charles E. Handy, with Murray, who handled all matters pertaining to the group policy. He further advised plaintiff: "We suggest you contact him for further information *and enclose a certified copy of the death certificate*". (Emphasis added)

The group policy and the certificate carry a provision that if the insured becomes totally disabled to work, and is terminated, the insured can give the insurer notice and proof of such disability, and the certificate

will be reinstated and carried by the insurer for another year and waive the payment of premiums. A person may be "totally disabled to work" and still possess all their mental faculties, be able mentally to carry out the provision of a contract, and quite often some people in such a condition write their Last Will and Testament.

Plaintiff contends in her pleading that the insured was totally disabled to work, and tried to prove that he was mentally disabled on and after April 22, 1964, until his death to give the insurer any written notice. The trial court did not instruct the jury as to the failure of the insured to possess sufficient mental ability to give defendant notice of his disability from and after April 22, 1964, until his death. He did submit a special issue on that ground. The evidence is wholly insufficient to support the jury's finding on that issue. The evidence showed that the insured would have spells at times; would have to have blood transfusions; at times, he was mentally incompetent; but, at other times he was mentally alert. Therefore, it looks like he was guilty of negligence in failing to give defendant notice of his physical condition. Texas Life Insurance Co. v. Sharp, (Tex.Civ.App.1940), 146 S.W.2d 447, N.W.H.; Appleman on Insurance Law and Practice, Vol. 3 § 1417; Couch on Insurance, 2nd, § 49:648; Jefferson Standard Life Insurance Co. v. Williams, (Tex.Civ.App., 1933), 62 S.W.2d 661, Er.Ref.; Magill v. Travelers Insurance Co. (8 Cir. 1943) 133 F.2d 709, cert. denied. If the notice of total disability had been given, the certificate and group policy would have been reinstated.

There was no proof of loss filed within one year after the insured's death as was contracted for in the Group Policy and Certificate of life insurance. Although, plaintiff was advised in August, 1965, to file a certified copy of the insured's death certificate. This she did not do. It was mandatory that a proof of loss be filed according to the insurance contract. 34 Words and Phrases "Proof of Loss" p. 594 and the authorities cited thereunder; Appleman on Insurance, Vol. 3, § 1393; Connecticut General Life Insurance Co. v. Williams, (Tex.Civ.App., 1935), 87 S.W.2d 897, N.W.H.; Lewis v. Connecticut General Life Insurance Co., (Tex.Civ.App., 1936), 94 S.W.2d 499, Er. Ref.; Continental Life Insurance Co. v. Searing, (3 Cir., 1917), 240 F. 653; John Hancock Mutual Life Insurance Co. v. Stanley, (Tex.Civ.App., 1948), 215 S.W.2d 416, N.W.H.; Texas Life Insurance Co. v. Jordan, (Tex.Civ.App., 1952) 253 S.W.2d 906, Er.Ref.; Norris, et vir, v. Combined American Insurance Co., (Tex.Civ.App., 1968), 429 S.W.2d 654.

The defendant did not waive the giving of notice of total mental disability; or, the filing of proof of loss.

Points one through nine are sustained. Points ten, eleven and twelve are, therefore, without any merit and are overruled.

The judgment of the trial court is reversed and judgment rendered.