### LINCOLN COUNTY MUT. FIRE INS. CO. v. GOOLSBY.
#### No. 6560.

Court of Civil Appeals of Texas.
Texarkana.

May 3, 1951.

Chaney, Davenport & Irwin, Dallas, for appellant.

Clarence E. Jenkins, Dallas, for appellee.

WILLIAMS, Justice.

The jury answered $1500 to special issue No. 1, which reads: "From a preponderance of the evidence, what amount of damages, if any, in money, was sustained by the plaintiff to his building covered by the insurance policy issued by the defendant, as a result of a windstorm on April 10, 1949?" Above inquiry was the sole issue submitted to the jury. Neither plaintiff nor defendant made a request for the submission of any additional issue or issues. Neither litigant filed any exception to the charge for failure to submit any additional issues. Defendant's motion for an instructed verdict presented at the close of the evidence was overruled and its motion for judgment non obstante veredicto was refused. The court granted in part the formal motion for judgment of appellee, L. M. Goolsby, the plaintiff below, and decreed that plaintiff recover of appellant, The Lincoln County Mutual Fire Insurance Company, defendant below, the sum of $1250.

The suit is for damages for partial loss (not for total destruction) to an aged tenant boxed dwelling situated in a rural section of Upshur County. Plaintiff alleged the damages to the building by reason of the alleged storm to be "about $1200." The insurance contract which he alleged to be in full force at the time of the alleged windstorm was attached to his original petition and made a part of same. Plaintiff alleged that he had "performed the duties and conditions required by the terms of the policy."

Defendant answered with special exceptions, a general denial and specifically plead and answered that plaintiff had not complied with provisions of the insurance contract as a condition precedent to prosecute this suit, which read:

"The insured shall give immediate notice to this company of any loss, protect the property from further damage, separate the damaged and undamaged personal property, and furnish a complete inventory

of all property insured by this policy showing in detail all costs * * * within ninety-one days after the loss, unless such time is extended in writing, the insured shall render to this company a proof of loss signed and sworn to by the insured. Such proof of loss shall reveal to the best knowledge and belief of the insured the following: the time and cause of the loss, the interest of the insured and all others in the property, including any encumbrances thereon; all contracts of insurance, whether valid or not, covering such property; the actual cash value of each item of property and the amount of loss thereto; and by whom and for what purposes the building was occupied at the time of loss. No provision, stipulation, or forfeiture of this policy shall be waived by any requirement, act, or proceeding of this company relating to investigation, appraisal, or adjustment of any loss." "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within two years and one day next after cause of action accrues." Because of the alleged failure to comply with above conditions precedent, defendant prayed that plaintiff take nothing by this suit.

This suit was filed November 7, 1949. A careful review of the evidence does not disclose that plaintiff timely rendered to defendant a proof of loss, as required under above quoted provisions of the policy. In fact, it appears from the evidence that the first estimate of damages was presented for the first time during the trial. The verified answer of defendant complied in all respects with the provisions of Rule 93, Texas Rules of Civil Procedure. This answer raised the issue whether plaintiff had timely complied with above conditions.

■ With such issue raised by defendant's verified pleading and in the absence of any evidence that plaintiff had complied with above quoted valid provision of the policy, it is not to be "deemed as found by the court" necessary to support a judgment for plaintiff. Art. 5546, R.C.S. of Texas; Provident Fire Ins. Co. v. Ashy, 139 Tex. 334, 162 S.W.2d 684; Dorroh-Kelly Mercantile Co. v. Orient Ins. Co., 104 Tex. 199, 135 S.W. 1165, 1167. As stated in Wichita Falls & Oklahoma R. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79, 85, "The power of the judge to make findings where none are submitted or requested does not extend to ultimate or essential issues which are necessary to base a judgment thereon, or to independent grounds of recovery or defense. A party may waive an issue upon which he relies for recovery or defense, by failing to request its submission. We find no language in Art. 2190 which places the duty on the plaintiff to present defensive issues which would support a judgment for the defendant; and no duty rests on the defendant to present such issues as are essential to a recovery by the plaintiff. In such case, if the party has failed to request for submission such issue, or issues, as will sustain his action or defense, he has not met the burden placed upon him by law, and no waiver can be imputed to the other party for such failure." As stated in Rodriguez v. Higginbotham-Bailey-Logan Co., Tex.Civ.App., 172 S.W.2d 991, 993, "Article 2190, Vernon's Ann.Civ.Stats., did not require a defendant to request the submission of a plaintiff's issue. Nor is such action required by Rule 279, R.C.P."

■ The pleadings of plaintiff are insufficient to set up a waiver by the defendant of the requirement of the proof of loss. Unless such an issue is raised by the pleadings, that issue was not before the court, and would not authorize the submission of such an issue nor support an implied finding of waiver by the court. A discussion of the other points presented will be pretermitted as same may not occur upon another trial.

For the reasons above stated and in view of the possible undeveloped status of the present pleading and undetermined ultimate issues, the judgment of the trial court will be reversed and the cause remanded.

Reversed and remanded.