A. YOUNG, Appellant,

v.

Edward HAYNES, Appellee.

No. 12958.

Court of Civil Appeals of Texas.

Galveston.

Oct. 18, 1956.

Rehearing Denied Nov. 15, 1956.

Cullen B. Vance, Edna, for appellant.

Thomas R. Bell, Edna, for appellee.

HAMBLEN, Chief Justice.

Appellant sued appellee in the District Court of Jackson County upon a verbal contract, and in the alternative on quantum meruit, for the agreed, or alternatively reasonable, value of labor and materials furnished by appellant to appellee in drilling two water wells, for services furnished in undertaking to remove some pipe which had fallen into the first of such wells, and for attorney's fees, all of which aggregated the sum of $1,895.70. Appellee filed a general denial, and additionally alleged that the only agreement between the parties was one under the terms of which appellant would drill for appellee a water well which upon completion would be capable of producing sufficient water as required by a one horsepower Dempster pump; whereupon, appellee would pay appellant an agreed sum of money. He alleged nonperformance of this agreement by appellant in that after the hole had been drilled and the casing set, appellant attempted to install the pump therein and in doing so permitted seven joints of pipe to fall into the well, rendering it useless. He further alleged that any services performed by appellant in undertaking to remove such pipe were voluntarily performed. As to the second well, appellee alleged that when appellant's efforts to remove the fallen pipe were unsuccessful, appellant voluntarily removed the casing from the first well and voluntarily drilled a second well in which he set the original casing and installed the one horsepower Dempster pump; that this second well proved to produce insufficient water as required by such pump. Whereupon, appellant, still acting as a volunteer, removed the casing from the second well.

The cause was tried before a jury. While the evidence relating to the terms of the contract between the parties was highly disputed, it does appear to be undisputed —and must in any event, in view of the jury verdict, which is not here attacked, be taken as true—that the one horsepower Dempster pump heretofore mentioned was furnished to appellee by a third person by the name of Fitz under a separate contract between appellee and Fitz which contemplated that Fitz would furnish and install such pump in the well which appellant had contracted to drill. It further appears that after appellant had set the casing in the first well, he left his drilling rig at that location to be used by Fitz in installing the pump, and that the seven joints of pipe fell into the first well while Fitz was undertaking to install such pump, presumably as the result of some act or omission on his part. After the second well proved to be inadequate, appellant removed the casing therefrom and stacked it upon appellee's property, where it remains. Fitz was not made a party to this suit.

The cause was exhaustively submitted to the jury in forty-three special issues of fact. For the solution of the conflicting contentions made by parties on this appeal, only certain of such issues need be recited here. Such issues as are essential to the determination of this appeal, together with the jury's responses thereto, are set forth in Exhibit A which is attached to and made a part of this opinion.

When the verdict was received, both litigants moved for judgment thereon. Appellee's motion was granted and judgment was entered that appellant take nothing. This judgment, in addition to reciting the jury verdict set forth in Exhibit A, upon which it purports to rest, contains findings by the court in the following language: "* * * the Court finds that there was a mutual abandonment of the contract on the first well by the parties as shown by the undisputed evidence in the case; that defendant is not entitled to recover for the value of the pipe standing alone as the order for the pipe was a part of the contract for the completion of the well under the contract; * * *."

**538**

This judgment is attacked by appellant in one point of error, as follows:

"The jury having found favorably to the Appellant, which findings were not attacked as having no support in the evidence, the verdict was conclusive as between the parties and the Court erred in rendering judgment non obstante veredicto for the Appellee."

We sustain the point.

It seems perfectly clear to this Court that when the proper procedural and substantive law is applied to the facts as found by the jury in this case and to the appellate record before us, the judgment of the trial court is erroneous and cannot stand. By their answers to Special Issues Nos. 1 to 6, inclusive, the jury has found facts which establish appellant's primary cause of action, namely a verbal contract fully performed by him. The judgment of the trial court, while it purports to have been entered upon the jury verdict, also purports to rest upon the findings by the court of mutual abandonment, as heretofore quoted. We think it should require no citation of authority for the proposition that a contract, once it has been completely performed, cannot be abandoned by the party who has so performed. There is patently no contract for him to abandon. Therefore the trial court's finding is, in the form in which it is stated, erroneous as a matter of law. From the argument advanced by appellee in support of the trial court finding of mutual abandonment, and particularly from the authorities cited in such argument, it appears to this Court that appellee has treated the trial court's finding as being a finding that appellant waived his right to demand payment under the contract. It is difficult to see how the finding can be so construed, and we are in any event unable to agree that waiver is shown by undisputed evidence in the case. But, even assuming that the finding is capable of such construction and that the undisputed evidence supports it, it nevertheless cannot stand for two reasons.

It is well established that when relied on, waiver must be specially pleaded. It is not available as a defense under a general denial, and in the absence of a plea of waiver effect cannot be given to a waiver established by proof without objection. See 43B Tex.Jur. 489, paragraph 12, and authorities there annotated. When appellee's pleadings are examined, it is apparent that other than the general issue the only defense pleaded amounts to an allegation that the true contract between the parties was different from that alleged by appellant and that appellant had failed to perform the true contract. As will be pointed out, the jury found against appellee on each element of the alleged defense.

Aside from the lack of pleadings, it appears that no fact issues upon any theory of waiver were submitted to the jury. The commonly accepted definition of "waiver" is that it is an intentional release or relinquishment of a right that is at the time known to the party making it. 43B Tex. Jur., page 477, paragraph 2, and authorities there annotated. In Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.2d page 1084, the Supreme Court of Texas held that where issues have been submitted and findings made thereon the court may, if justified by the facts, find on " * * * such omitted issues as are in accord with, and supplemental or incidental to, and which support, the issues of fact which were submitted and found by the jury, and upon which the judgment is based." But, as was held in the cited case, the court has no authority to make findings on independent grounds of recovery or grounds of defense wholly neglected and ignored by the parties, and to support a judgment on such findings in the face of issues submitted and regardless of the findings by the jury. Especially is this true if the findings of the court are based upon a theory not relied on for recovery or defense. Baker v.

Shafter, Tex.Com.App., 231 S.W. 349. No issue of fact submitted to the jury in this case incorporated any element of waiver. The finding in response to Special Issue No. 24, to the effect that appellee never requested appellant to remove the casing from well No. 1, is evidentiary only and is not a finding upon any ultimate issue under the theory of waiver. It appears to have been submitted upon appellee's alleged defense of nonperformance by appellant of the true contract between the parties. It is clear, therefore, that the finding made by the court upon which this judgment purports to rest is a finding on an independent ground of defense not alleged or relied upon but wholly neglected and ignored by the parties. Therefore, if the evidence raised the issue of waiver, that defense must be held to have been abandoned by appellee.

■ Appellee filed no motion for judgment non obstante veredicto, in the absence of which the only judgment which the court could properly enter, under the express provisions of Rule 301, Texas Rules of Civil Procedure, would be one in conformity with the verdict.

Unless his right is defeated by some finding within the jury verdict, appellant is entitled to judgment in conformity with the findings in response to Special Issues Nos. 1 to 6, inclusive. As we understand appellee's brief, he contends that the jury response to Special Issues 19 and 21 defeats appellant's right to recover. These issues were clearly submitted upon appellee's defensive pleading and evidence. Any solace which he derives from the finding responsive to Special Issue 19 is clearly defeated by the finding responsive to Special Issue No. 20; as is likewise any aid conferred from the finding responsive to Special Issue No. 21 defeated by the finding responsive to Special Issue No. 22. The placing of the burden of proof in Issues Nos. 20 and 21, if it is of any significance, is not objected to. Appellee cannot defeat appellant's right to be paid by securing a finding that he never received or accepted any benefits from the drilling of well No. 1 (Issue 23), nor by a finding that he never requested appellant to move the casing from that well (Issue 24). His undertaking to construe Special Issue No. 1 resting upon the use of the words "completed well" and the finding of the jury thereon as establishing his alleged defense, appears to us to be pure semantics, unjustified by the language of the issue and contrary to the clear meaning thereof.

In reading the entire jury verdict, in the light of the evidence in this record, it is manifest that the jury believed that appellant had fully performed the contract which he made, and that if appellee was deprived of the benefits of appellant's labor and materials, such deprivation resulted from some act or omission on the part of the third person, Fitz. Appellee did not choose to make Fitz a party to this suit. We are of the opinion that the trial court should have entered judgment upon the verdict in favor of the appellant for the amounts found by the jury in answer to Special Issues 3, 5 and 18. Appellant's right to recover attorney's fees is clear, under Art. 2226, V.A.T.S. Southwest General Construction Co. v. Price, Tex.Civ. App., 267 S.W.2d 855. The reasonableness of the award is not questioned.

Instead of entering such judgment, the trial court entered judgment in favor of appellee which, as we have shown, cannot be supported. Having obtained a favorable judgment, appellee had no reason to file a motion for a new trial, even though errors may have been committed which, if preserved, would require that the verdict be set aside and a new trial ordered. Rule 324, T.R.C.P., appears to apply to such a situation. That Rule has been held to mean that when an appellate court determines that judgment non obstante veredicto has been erroneously entered, such court will reverse such judgment and enter judgment in harmony with the verdict, unless appellee is able to present such error against himself as would have prevent-

ed an affirmance of the judgment had one been entered by the trial court in harmony with the verdict. LeMaster v. Ft. Worth Transit Co., 138 Tex. 512, 160 S.W.2d 224. It has further been held that in order to present such error against himself, appellee must raise by cross-assignments any error which he could otherwise present in a motion for a new trial, or must otherwise inform the appellate court in his brief that he wishes to file a motion for new trial to present such matters to the trial court. DeWinne v. Allen, 154 Tex. 316, 277 S.W. 2d 95. In this present case, appellee has not undertaken in any manner to present any error which would militate against the entry of judgment in conformity with the jury verdict. Under such a state of the record, we consider it to be our duty to render such judgment as the trial court should have rendered. It is so ordered.

Reversed and rendered.

CODY, J., not sitting.

EXHIBIT A

Special Issue No.     1

"Do you find from a preponderance of the evidence that the plaintiff and defendant entered into a verbal agreement on or about March 22, 1954, under the terms of which plaintiff was to drill a water well for defendant to an approximate depth of 294 feet and set the casing therein for which defendant was to pay to plaintiff an agreed sum of money, based on the actual depth of the completed well?

"Answer 'Yes' or 'No.'

"We, the jury answer: Yes

"If you have answered Special Issue No. 1 'Yes', and only in that event, then answer:

Special Issue No.     2

"Do you find from a preponderance of the evidence that plaintiff drilled such water well and set the casing therein in accordance with such agreement, if any?

"Answer 'Yes' or 'No.'

"We, the jury, answer: Yes

"If you have answered Special Issue No. 2 'Yes', and only in that event, then answer:

Special Issue No.     3

"What amount of money, if any, do you find from a preponderance of the evidence that defendant agreed to pay to plaintiff for drilling such water well and setting the casing therein?

"Answer in dollars and cents, if any.

"We, the jury, answer: $388.00

Special Issue No.     4

"Do you find from a preponderance of the evidence that on or about March 22, 1954, the Plaintiff and Defendant entered into an agreement whereby Defendant purchased from the Plaintiff a specified amount of casing and pipe for installing in the water well?

"Answer 'Yes' or 'No' as you may find.

"We, the jury, answer: Yes

"If you have answered Special Issue No. 4 'Yes', and only in that event, then answer:

Special Issue No.     5

"What do you find from a preponderance of the evidence was the total price that defendant agreed to pay to plaintiff, if you have so found, for such specified amount of casing and pipe inquired about in the preceding Special Issue No. 4?

"Answer in dollars and cents, if any.

"We, the jury, answer: 538.80

"If you have answered Special Issue No. 4 'Yes', and only in that event, then answer:

Special Issue No. 6

"Do you find from a preponderance of the evidence that plaintiff delivered to the defendant such specified amount of casing and pipe inquired about in the preceding Special Issue No. 4?

"Answer 'Yes' or 'No.'

"We, the jury, answer: Yes

\*    \*    \*    \*    \*    \*

Special Issue No. 18

"What do you find from a preponderance of the evidence to be the reasonable value of the services rendered by Plaintiff's attorney in the preparation and trial of this cause?

"Answer in dollars and cents as you may find.

"We, the jury, answer: $250.00.

Special Issue No. 19

"Do you find from a preponderance of the evidence that Plaintiff and Defendant agreed that Plaintiff would dig a water well for Defendant and that upon completion of said well, if said well were capable of producing sufficient water as required by a one horse power Dempster Engine, that Defendant would then pay to Plaintiff a stipulated sum of money?

"Answer 'Yes' or 'No'.

"We, the jury answer: Yes.

"If you have answered Special Issue No. 19 'Yes' and only in that event, then answer:

Special Issue No. 20

"Do you find from a preponderance of the evidence that Plaintiff failed to complete a water well capable of producing sufficient water as required by a one horse power Dempster Engine?

"Answer 'Yes' or 'No'.

"We, the jury answer: No

Special Issue No. 21

"Do you find from a preponderance of the evidence that Plaintiff warranted that said well would produce sufficient water as required by a one horse power Dempster Engine?

"Answer 'Yes' or 'No'.

"We, the jury answer: Yes

"If you have answered Special Issue No. 21 'Yes' and only in that event, then answer:

Special Issue No. 22

"Do you find from a preponderance of the evidence that Plaintiff failed to complete a water well capable of producing sufficient water as required by a one horse power Dempster Engine?

"Answer 'Yes' or 'No'.

"We, the jury answer: No

Special Issue No. 23

"Do you find from a preponderance of the evidence that Defendant never received or accepted any benefits from the drilling of water well number one?

"Answer 'Yes' or 'No'.

"We, the jury answer: Yes

Special Issue No. 24

"Do you find from a preponderance of the evidence that Defendant, never requested Plaintiff to remove the pipe and casing from water well number one?

"Answer 'Yes' or 'No'.

"We, the jury answer: Yes"