The FARMERS MUTUAL PROTECTIVE
ASSOCIATION OF TEXAS
(R. V. O. S.), Appellant,

v.

J. O. THOMPSON, Appellee.

No. 14052.

Court of Civil Appeals of Texas.

Houston.

Jan. 10, 1963.

Rehearing Denied Feb. 14, 1963.

Geo. E. Kacir, West, for appellant.

Harris, Salyer & Taylor, Al Taylor, Bay City, for appellee.

WERLEIN, Justice.

Appellee, J. O. Thompson, sued The Farmers Mutual Protective Association of Texas (R.V.O.S.), on an insurance policy issued by it, to recover for damage to his barn caused by Hurricane Carla on or about September 10, 1961. Appellant is a Farm Mutual Insurance Company operating under Chapter 16 of the Texas Insurance Code, V.A.T.S. The trial court entered judgment in favor of appellee in the sum of $535.31 based on the jury verdict to the one Special Issue submitted. It was stipulated by the parties that appellee did not file proof of loss prior to January 1, 1962, or within 91 days after the loss occurred. At the conclusion of the evidence appellant filed a motion for instructed verdict, which was denied, and thereafter a motion for judgment non obstante veredicto and motion for new trial, both of which were denied.

Appellant asserts that the court erred in refusing to grant its motion for instructed verdict and also its motion for judgment non obstante veredicto because there was no proof of loss filed as provided in the insurance policy within 91 days as required by the insurance policy. The policy sued upon provides "Within 91 days after the loss, unless such time is extended in writing, the insured shall render to this Company a proof of loss signed and sworn to by the Insured," and also provides what the proof of loss should show or reveal. It further provides, "No provision, stipulation or forfeiture of this policy shall be waived by any requirement, act, or proceeding of this Company relating to investigation, appraisal, or adjustment of any loss."

Article 16.12 of the Insurance Code of Texas under the heading "Farm Mutual Insurance Companies" provides that "By-laws of the company shall always constitute a part of the contract with the insured and the policy shall so state." Article 16.13 provides, "Such companies may provide in their by-laws that local chapters and officers an agents elected by them do not have the power to waive any provision of such by-laws." Section 12 of the By-laws of appellant provides that "The application for insurance, inventory, by-laws, regulations of this Association, By-laws and regulations of the local lodge, and the policy constitute the contract between the member and this Association." Section 13 of the By-laws provides, "Every member and every policy-holder must comply completely with every part of these By-laws and of all regulations of this Association, and all provisions of the policy. If he fails to do so, the insurance is thereby automatically cancelled, suspended and expelled."

Appellee stipulated that he had had three letters within the 91 days reminding him he had not filed proof of loss. It was shown that appellant's attorney wrote to appellee's attorney on November 17, 1961, some two weeks prior to the expiration of the 91 day period, and enclosed two damage claim applications, and stated that if such form was used a jurat must be added, and further stated that "If you prefer, you may furnish an affidavit giving the items required on page 3 of the policy, as above mentioned." It was further stated in such letter, "Upon receipt of either type of proof of loss herein mentioned, I shall be glad to submit it to the Board for its approval or disapproval of the amount or amounts claimed. We will, however, insist upon a complete itemized statement of the damage done, as required on page three of the policy."

Under the foregoing provisions of the policy and by-laws, and in light of said letters, there was as a matter of law no waiver by appellant of the filing with it of proof of loss or an itemized statement of the damage done. Appellee failed to establish his right to recover on the policy. Commercial Union Assur. Co. v. Preston, 1926, 115 Tex. 351, 282 S.W. 563, 45 A.L.R. 1016; McKay v. American Central Ins. Co., Tex.Civ.App.1952, 245 S.W.2d 529; Provident Fire Ins. Co. v. Ashy, 1942, 139 Tex. 334, 162 S.W.2d 684.

There is another compelling reason why the court should have granted appellant's motion for an instructed verdict. Appellant's answer in which it is alleged that proof of loss had not been filed within 91 days was verified in conformity with Rule 93, Texas Rules of Civil Procedure. Appellee did not plead in his first amended original petition upon which the case went to trial, or in any other pleading, that the filing with the company of proof of loss as provided in the policy had been waived by appellant. Under Rule 94, T.R.C.P., waiver is an affirmative defense which must be pleaded by the party relying upon it. Appellee could not rely upon waiver since it was not pleaded even though some evidence of waiver was introduced without objection. Brazos River Authority v. City of Graham, Tex.Sup.1962, 354 S.W.2d 99; City of Wichita Falls v. Bruner, Tex.Civ.App.1946, 191 S.W.2d 912; Andrews v. Powell, Tex.Civ.App.1951, 242 S.W.2d 656; Young v. Haynes, Tex.Civ.App.1956, 295 S.W.2d 536; 43-B Tex.Jur. 489, § 12.

Not only was there no pleading of waiver but no issue was requested on waiver by either party and none was submitted to the jury. By failing to request submission of such issue, appellee has not met the burden placed upon him by law. No waiver can be imputed to appellant for such failure. Lincoln County Mut. Fire Ins. Co. v. Goolsby, Tex.Civ.App.1951, 240 S.W.2d 402. All independent grounds of recovery or defense not conclusively established under the evidence and upon which no issue is given or requested shall be deemed waived. Rule 279, T.R.C.P. McHaney v. Hackleman, Tex.Civ.App.1961, 347 S.W.2d 822, Ref., n. r. e.; Brazos River Authority v. City of Graham, supra.

In view of our holding, it is not necessary to discuss appellant's other points.

Judgment of the Trial Court is reversed and rendered.

## On Motion for Rehearing

Appellee has directed our attention to the fact that appellant did not in the trial court or in its brief raise the question of appellee's failure to plead waiver. We, therefore, delete from our opinion the paragraph relating to appellee's failure to plead waiver. This deletion does not change or affect our disposition of the case.

Motion for rehearing overruled.