**Dr. N. Jay ROGERS, Appellant,**

v.

**Dr. Jack BURTON et al., Appellees.**

**No. 12001.**

Court of Civil Appeals of Texas,
Austin.

June 20, 1973.

Rehearing Denied July 11, 1973.

Robert Q. Keith, Mehaffy, Weber, Keith & Gonsoulin, C. M. Bradford, Beaumont, McGinnis, Lochridge & Kilgore, Austin, for appellant.

Crawford C. Martin, Atty. Gen. of Texas, Austin C. Bray, Jr., Asst. Atty. Gen., Austin, for appellees.

O'QUINN, Justice.

This is a lawsuit brought by Dr. N. Jay Rogers, an optometrist practicing in Beaumont, against the members of the Texas Optometry Board, with its principal office in Austin.

By his suit plaintiff sought a declaratory judgment construing a specified portion of Article 4552–5.11, Vernon's Anno.Civ.Statutes, a part of the Texas Optometry Act,

which became effective September 1, 1969. (Acts 1969, 61st Leg. p. 1298, ch. 401)

The general effect of subsection (b) of Article 4552–5.11 is to afford certain optometry establishments occupying premises under leases in effect on April 15, 1969, an exemption for a limited period of time from provisions of subsections (a)(1) and (2) prohibiting use by optometrists of specified merchandise and advertising displays and specified types of colored and neon lights and signs in the form of eyes.

Plaintiff contended that because of the nature of a lease he held on certain premises in Dallas his operation was entitled to benefit of the exemption provided in the statute. The Texas Optometry Board and its members contended that the lease upon which plaintiff must rely expired June 30, 1971, and the statutory exemption did not apply to the premises in Dallas beyond that date.

The trial Court entered judgment for defendants, the Optometry Board and its members, and Plaintiff Rogers has appealed. We will affirm judgment of the trial court.

The exemption with which we are concerned is stated in full in subsection (b) of Article 4552–5.11:

"(b) Any optometrist practicing optometry on or after April 15, 1969, in a manner, or under conditions contrary to any of the provisions of this Section 5.11 by virtue of occupying premises under an existing or negotiated lease in effect on April 15, 1969, shall not be subject to the provisions of this Section 5.11 until the expiration of the primary term of the lease, or until January 1, 1979, which ever occurs sooner, but no such lease may be extended beyond the primary term by the exercise of any option. Provided, however, that as to any such lease expiring on or before June 1, 1970, such lease may be continued in effect until June 1, 1970."

The Dallas premises at issue were leased by Oak Cliff Savings and Loan Associa-

tion on March 8, 1961, to Rogers Bros., Inc., a Texas corporation. Under this contract the lease would expire June 30, 1971.

Rogers Bros., Inc., as lessee of the premises, subleased the premises on March 8, 1961, to a partnership (Rogers Bros.) composed of Ben J. Rogers, S. J. Rogers, N. Jay Rogers, and V. J. Rogers.

Subsequently, on December 1, 1968, the partnership (Rogers Bros.) assumed the role of lessor and subleased the same premises to Texas State Optical, another partnership composed of N. Jay Rogers, the appellant, and S. J. Rogers, also an optometrist.

Early in 1970, after the Texas Optometry Act became effective in September of 1969, Ben J. Rogers, one of the Rogers Bros. partners and a brother of the appellant, filed an affidavit in compliance with instructions of the Optometry Board, together with the sublease between Rogers Bros., the partnership, and Texas State Optical, the partnership composed of appellant and S. J. Rogers.

The sublease filed by Ben J. Rogers recited that it was based on the original lease of March 8, 1961, between Oak Cliff Savings and the corporation, Rogers Bros., Inc., and was also based on the prior sublease between the corporation (Rogers Bros., Inc.) and the partnership called Rogers Bros. The prior sublease purportedly was executed December 1, 1968. The sublease Ben J. Rogers filed with the Optometry Board further recited that it was based also on a new base lease executed by Oak Cliff Savings and the corporation, Rogers Bros., Inc., purportedly dated December 1, 1968, and on a new sublease between the Rogers Corporation and the Rogers partnership, this lease also dated December 1, 1968. This latter sublease bore an expiration date of June 30, 1979, six months beyond the limit set for the exemptions found in subsection (b) of Article 4552–5.11.

The Optometry Board granted an exemption to appellant, after the affidavit

and leases mentioned above were filed by Ben J. Rogers. Subsequently, upon further investigation, a majority of the Board concluded that the so-called renegotiated base lease between Oak Cliff Savings and the Rogers Bros. corporation, upon which the sublease extension to June 30, 1979, was based, was not made in December of 1968, but was made in 1969, subsequent to the cut-off date of April 15, 1969, provided in the statute, and therefore would not support the exemption granted. Rather than call a meeting to consider revoking appellant's exemption, the Board agreed with appellant to withhold administrative action to afford appellant opportunity to bring this declaratory judgment action.

The Optometry Board's intended move to call a meeting to consider revocation of appellant's exemption stemmed from testimony by deposition of the real estate agent in Dallas who handled negotiations and closing of the lease between Oak Cliff Savings and the Rogers corporation. The agent testified that negotiations which led to making a new base lease began in October of 1969 and culminated in December of that year. The agent also furnished correspondence he had with Rogers Bros., Inc., after the lease was executed in December, after which, sometime in February of 1970, new signature pages were substituted in all four copies of the lease, which showed the date of signatures as December 1, 1968, instead of 1969.

The testimony of the agent and the correspondence he furnished were introduced in the trial court. The agent's copy of the lease was introduced, that copy showing the date of execution changed from December 1, 1968 to 1969. The agent testified by deposition that he made the change from 1968 to 1969 because in fact the lease was entered into in 1969 and not the year before.

The trial court entered judgment decreeing that (1) the specific premises in Dallas were not entitled to the exemption afforded under Article 4552–5.11 and (2) all other optometric premises being occupied by virtue of similar leases and subleases were not entitled to the exemption after the termination of the primary, or base, lease from the lessor covering such premises that was validly in effect on April 15, 1969.

■ It is elementary that the right of possession of a sublessee, as against the original lessor, terminates with expiration of the original lease. Sinclair Refining Co. v. Womack, 66 S.W.2d 402, 405 (Tex.Civ. App. Eastland 1933, no writ). No privity of contract exists under a sublease between the sublessee and the original lessor. Zeidman v. Davis, 161 Tex. 496, 342 S.W.2d 555, 558 (1961).

If Rogers Bros., Inc., subleased the Dallas premises to the Rogers partnership on December 1, 1968, the sublease to expire June 30, 1979, the extension beyond the life of the base lease from Oak Cliff Savings to the Rogers corporation was ineffectual past June 30, 1971. Under the facts of this record, as impliedly found by the trial court, appellant was occupying the Dallas property on April 15, 1969, by virtue of a base lease which would expire June 30, 1971, and the sublease of December 1, 1968, purportedly extending to June 30, 1979, was ineffectual to qualify appellant under the exemption of Article 4552–5.-11(b).

■ The statute affords an exemption "by virtue of occupying premises under an existing or negotiated lease in effect on April 15, 1969," and does not refer to subleases. We find it was the intent of the Legislature in enacting the statute to provide that the base lease under which the optometrist occupies property would be the controlling lease in determining the right to exemptions. It will not be presumed by the courts that the Legislature intended to allow subleases to confer rights upon the occupying tenant in excess of rights established under the terms of the original or base lease.

■ We are persuaded for another reason that the trial court correctly used

the base lease as the measure of appellant's claim to an exemption under the statute. It is undisputed in the record that the Texas Optometry Board has consistently used the base lease, being the original lease between the owner and his lessee, as the instrument referred to in the exemption statute, and that all optometrists in this state, except those associated with Texas State Optical, adopted and used the Board's precept that the base lease was controlling of the exemption. If the meaning of a statute is doubtful or the language ambiguous, the construction placed on the statute, followed by consistent adherence to such construction, by an administrative agency of the State charged with administration of the enactment is entitled to weight with the courts. Calvert v. Kadane, 427 S.W.2d 605, 608 (Tex.Sup.1968); Heard v. City of Dallas, 456 S.W.2d 440, 444 (Tex.Civ.App. Dallas 1970, writ ref. n. r. e.); Tarry Moving and Storage Co. v. Railroad Commission, 359 S.W.2d 62, 67 (Tex.Civ.App. Austin 1962, affmd. 367 S.W.2d 322).

The judgment of the trial court is affirmed.

Affirmed.