DAIRYLAND COUNTY MUTUAL INSURANCE COMPANY of Texas, Appellant,

v.

Bobby Joe KEYS, Appellee.

No. 1140.

Court of Civil Appeals of Texas, Tyler.

June 29, 1978.

Rehearing Denied July 27, 1978.

**458**

Melvin R. Wilcox, III, Roberts, Harbour, Smith, Harris, French & Ritter, Longview, for appellant.

Bill D. Rosenstein, Stephens, Corn & Rosenstein, Tyler, for appellee.

MOORE, Justice.

Appellee, Bobby Joe Keys, instituted this suit against appellant, Dairyland County Mutual Insurance Company, to recover benefits alleged to be due him under the terms of an automobile insurance policy insuring against loss due to fire or theft. As grounds for a cause of action, appellee alleged that during the policy period his 1972 automobile was stolen, stripped and burned. The insurance company denied generally the allegations of the petition and filed a verified denial alleging that the appellee failed to give the proper notice of proof of loss in accordance with the terms of the policy. The cause was submitted to the jury on two special issues inquiring as to the value of the automobile before and after the alleged theft and burning. Pursuant to the jury's verdict the trial court rendered judgment in favor of the appellee for the sum of $1,400.00, from which judgment the insurance company perfected this appeal.

We affirm.

Appellee testified that his automobile was stolen on October 17, 1975. It was found by the police on the following day in a remote area near the city of Tyler where it had been completely stripped and burned. Appellee reported the loss to appellant's agent from whom he purchased the policy. He was advised to come to the agent's office and fill out a report. He went to the office on October 20, 1975, and the appellant's agent filled out a form stating the details of the theft. This instrument was signed by appellee and was offered into evidence upon the trial. The instrument appears to have been a form prepared by the insurance company. It was headed "Dairyland County Mutual Insurance Company of Texas" and immediately thereunder was printed the address and the phone number of the insurance company. The instrument was titled: "AUTOMOBILE ACCIDENT AND LOSS REPORT." The completed report was sent to the insurance company and received by it on October 22, 1975. The report listed the name, address and phone number of the insured; the policy number; the name and address of the insurance agent; date of the loss or accident; place of the loss or accident; the description and serial number of the automobile, etc. Near the end of the report a blank space was provided for the insured to state briefly what happened. In this space appellee furnished the following information: "Car was stolen on October 17 or 18 from the home of Grant Adams, Rt. 2 Box 418A, Tyler, Texas (this is a friend of the owner who had been helping him work on the car). The car was found about 6:15 p. m. Oct. 18, 1975 by Edgar Shelton, Constable, from a report that there was a fire near the Hawthorne Cemetery about 10 miles S., S.W. of Tyler or 2½ miles west of Noonday community. (car had 327 V–8 engine—automatic transmission and air conditioning—23 channel CB radio and mag

wheels.) Owner estimates value at about $2,000 due to added features above mentioned."

The evidence shows that upon receipt of the loss report appellant sent its claims adjuster to investigate the claim. The claims adjuster called on appellee on October 28, 1975, and took a written statement from him with regard to the loss. In his statement, appellee detailed where the automobile was situated at the time it was stolen and the condition in which he found it after it had been stripped and burned. Thereafter appellant's claims adjuster again called on appellee on November 13, 1975, and took an additional statement from him detailing the conditions surrounding the theft and fire. At the time the latter statement was taken, the adjuster advised the appellee that the company was of the opinion that this was a case of insurance fraud and that they would not pay the claim, whereupon appellee filed the present suit on January 5, 1976.

In response to request for admissions the insurance company admitted that it issued the policy in question and that appellee had paid all premiums due thereon. It appears that the policy, as such, was never delivered to appellee. Instead, the company's agent delivered what appears to be a skeleton form of a policy, or a binder. While the loss payable clause attached thereto indicates that the parties contemplated that the insured was required to file some type of proof of loss, no proof of loss requirement was specifically set forth therein.

Under the first point appellant asserts that the trial court erred in refusing to grant its motion for judgment non obstante veredicto because the appellee failed to request or obtain a jury finding that he filed a proof of loss in accordance with the terms of the policy. In reply, appellee maintains that the evidence shows, as a matter of law, that he filed a proof of loss and therefore no issue was created for the submission to the jury. Appellant takes the position that the instrument received by it titled "AUTOMOBILE ACCIDENT AND LOSS REPORT" does not amount to a proof of loss.

At no time, however, did appellant ever advise appellee that the instrument was insufficient as a proof of loss or otherwise advise appellee that it was defective in any respect.

■ Where an insurance policy makes the furnishing of a proof of loss a condition precedent to the enforcement of the policy, and a proof of loss is not furnished or waived, the insured will not be permitted to recover. *Farmers Mutual Protective Assoc. of Texas v. Thompson*, 365 S.W.2d 226 (Tex. Civ.App.—Houston 1963, writ ref'd n. r. e.). However, all that the insurance company is entitled to receive by way of a proof of loss is to be apprised of the facts. *Francis v. International Travelers' Assoc.*, 260 S.W. 938, 946 (Tex.Civ.App.—Dallas 1924), affirmed 119 Tex. 1, 23 S.W.2d 282 (1930).

■ It is generally held that substantial compliance with a policy provision requiring proof of loss is all the company may require and that an unverified proof of loss, containing the required information, constitutes substantial compliance with the policy provision. 32 Tex.Jur.2d Insurance sec. 372, p. 577; *Universal Automobile Ins. Co. v. Morris Finance Corp.*, 16 S.W.2d 360, 362 (Tex.Civ.App.—Eastland 1929, writ dism'd); *Austin Building Co. v. National Union Fire Ins. Co.*, 403 S.W.2d 499, 506 (Tex.Civ.App. —Dallas 1966, writ ref'd n. r. e.); *Anchor Casualty Company v. Bowers*, 385 S.W.2d 568, 569 (Tex.Civ.App.—Houston 1964), rev'd on other grounds Tex., 393 S.W.2d 168 (1965).

■ Where an insurance company takes the position that the proof of loss furnished by the insured is defective, the company must, within a reasonable time, object to the proof and point out the defects so that the insured, if he desires, may correct the same. In the absence of such objection, the company waives its right to complain of the proof of loss furnished. 32 Tex.Jur.2d Insurance sec. 383, p. 593 and cases cited therein.

In view of the fact that the "AUTOMOBILE ACCIDENT AND LOSS REPORT" was sufficient to apprise the appellant of

the facts surrounding the loss, and appellant acted thereon without objecting or pointing out wherein it was defective, we think the evidence is such as to establish conclusively that the "AUTOMOBILE ACCIDENT AND LOSS REPORT" constituted a sufficient proof of loss. Consequently, we hold that proof of loss was conclusively established under the evidence and therefore the submission of the matter to the jury was not required. Rule 279, Tex.R. Civ.P. Appellant's first point is overruled.

■ We find no merit in appellant's contention that the trial court erred in denying its motion for a continuance because of the absence of two of its witnesses.

The record reveals that at the call of the docket on May 27, 1977, the case was set for trial on Monday, June 20, 1977. On that date counsel for appellant appeared and announced ready for trial subject to the presence of his witnesses. The trial judge then announced that the case would be put over until Wednesday, June 22nd. Counsel then caused subpoenas to be issued for witnesses Jimmy Massey and Sammy Lipsey. When the case was called for trial on Wednesday, counsel filed a motion for continuance alleging that the witness Massey had not been served because he was out of the State of Texas and that the witness Lipsey, who was a resident of Shreveport, Louisiana, had not been served and could not be present because of a previous subpoena requiring his presence in Amarillo, Texas on that date.

Appellant's motion was in substantial compliance with the requirements of Rule 252, Tex.R.Civ.P., and alleged that appellant used due diligence to procure the testimony of the witnesses by issuing a subpoena for them on June 20, 1977. Nowhere in the motion, however, did appellant seek to excuse its failure to place the witnesses under subpoena at the time of the call of the docket on May 27, 1977, nor did appellant seek to excuse its failure to take the deposition of the witnesses at some time prior to the June setting as provided by Rule 186, Tex.R.Civ.P.

Rule 252, supra, requires that the party seeking the continuance make affidavit "that he has used due diligence to procure such testimony, stating such diligence," and Rule 251, Tex.R.Civ.P., directs that a continuance shall not be granted "except for sufficient cause." Of course, the absence of a material witness is "sufficient cause," but only if proper diligence has been used to procure the testimony of the witness.

In the instant case, it appears that appellant elected to forego its right to take the depositions of the two witnesses. At the "eleventh hour" appellant asked the issuance of subpoenas which could not be served because the witnesses were either out of the state or under previous subpoena. These facts, in our opinion, do not constitute that degree of diligence which the law requires. *Fritsch v. J. M. English Truck Line*, 151 Tex. 168, 246 S.W.2d 856 (1952); *Mikell v. La Beth*, 344 S.W.2d 702 (Tex.Civ. App.—Houston 1961, writ ref'd n. r. e.). The trial court did not abuse its discretion in overruling appellant's motion for a continuance.

Accordingly, the judgment of the trial court is affirmed.