**David DIGBY, Appellant,**

v.

**Seth HATLEY and P. M. O'Bryant, Appellees.**

**No. 15980.**

Court of Civil Appeals of Texas, San Antonio.

Oct. 18, 1978.

William F. Stolhandske, Stolhandske, Simmons & Stolhandske, San Antonio, for appellant.

Joe E. Briscoe, Briscoe & McGowen, Devine, for appellees.

## OPINION

KLINGEMAN, Justice.

This is an appeal from an instructed verdict that plaintiff David Digby take nothing against defendants Seth Hatley and P. M. O'Bryant. Plaintiff will sometimes herein-

after be referred to as "Digby," and defendants as "Hatley" and "O'Bryant." Trial was to a jury and after the close of the evidence both Hatley and O'Bryant filed motions for instructed verdict which were granted by the trial court, and judgment was entered that plaintiff take nothing against said defendants.

The trial court filed findings of fact and conclusions of law which may be summarized as follows:

*Findings of Fact:*

(1) On June 26, 1971, P. M. O'Bryant and Robert A. Sone, as lessors, executed a written lease covering 1,174 acres of land in Real County, Texas, to Seth Hatley and R. C. Talley, as lessees.

(2) This lease granted grazing and hunting rights to lessees and provided that "[l]essees shall not sublet any portion of the leased premises without the written consent of the [l]essors."

(3) Hatley, one of the lessees, entered into an oral agreement with David Digby to lease to Digby hunting rights for a total consideration of $2,300.

(4) Neither Hatley nor Digby obtained written consent from O'Bryant or Sone to lease the hunting rights. Digby's pleadings contained no allegation that this requirement was waived.

(5) No consideration was paid by Digby to O'Bryant or Sone for the hunting privileges.

(6) Digby paid Hatley the sum of $2,300 for hunting rights on or about June 2, 1974.

(7) On November 30, 1974, Digby and several of his guests were hunting on the premises.

(8) The guests paid a consideration to Digby for hunting on said premises, but neither Digby nor the guests had obtained permission from, or paid any consideration to, O'Bryant.

(9) O'Bryant knew of the agreement between Digby and Hatley but made no objection thereto.

(10) O'Bryant knew that Hatley had sublet hunting privileges in the past and raised no objection thereto.

(11) The pleadings of Digby contain no allegations that O'Bryant or Sone as lessors had waived the right to written consent as to the assignment of the lease or any part thereof.

(12) O'Bryant had personally exercised hunting privileges in the past although the lease contained no provision in this regard.

(13) O'Bryant, on November 30, 1974, while hunting on the premises, observed Digby and his guests and fired a warning shot which struck in the water close to the guests. He approached and demanded that they leave, and on that date Digby and his guests vacated the premises.

*Conclusions of Law:*

(1) The lease contained a clause that it could not be assigned without the written consent of the lessors, and both Digby and Hatley testified that no such consent was obtained, and, therefore, there was no issue of fact to be presented to the jury.

(2) No consideration was paid to O'Bryant by Digby or any of his guests for the right to hunt.

(3) The lease contained no provision which made it applicable to the assigns of Hatley, and the lease, as to hunting rights, was not assignable and was in contravention of Article 5237, Texas Revised Civil Statutes.

(4) Plaintiff's petition contained no allegation of waiver as required by Rule 94, Texas Rules of Civil Procedure.

(5) There was no evidence of probative value that raised fact issues as to any damages.

(6) Digby should not recover against O'Bryant or Hatley.

Digby in his pleadings sought actual damages against Hatley and O'Bryant jointly and severally in the amount of $2,300, the amount he had paid Hatley, for breach of the oral contract. He also sought exemplary damages against O'Bryant individually for $20,000.

By nineteen points of error, Digby asserts that the trial court erred in removing the

case from jury deliberation and in granting defendants' motions for instructed verdict, despite the existence of issues of material fact.[1]

O'Bryant asserts that the trial court properly sustained his motion for instructed verdict and granted a take-nothing judgment because (a) the lease itself prohibits any assignment thereof; (b) Article 5237, Texas Revised Civil Statutes, specifically prohibits any assignment without the written consent of the lessor; (c) Digby's pleadings did not allege waiver as required by Rule 94 of the Rules of Civil Procedure. Hatley did not file a brief.

The findings of fact in general correctly set forth the pertinent factual background. It is undisputed that (a) no written consent to a sublease or assignment of the hunting rights was obtained as required by the lease under which Hatley claims; (b) no consideration was paid to O'Bryant by Digby or by any of Digby's guests; (c) Hatley was paid $2,300 by Digby but no part thereof was returned to Digby; (d) Hatley paid O'Bryant no part of the $2,300 received by him from Digby; and (e) there was no affirmative plea of waiver in Digby's pleadings.

There is testimony that the lease rental provided in the original lease is $2,052 a year. In addition, Digby testified that on the occasion when he was allegedly evicted, sometimes referred to in the record as the "pond incident," he suffered no injuries; he was not hospitalized; he suffered no disability, and he suffered no loss of earnings as a result of its occurrence. He did testify that he suffered a $2,300 loss on the lease, and his action, both from a complete reading of his pleadings and from the evidence adduced at trial, appears to be a suit for the return of the $2,300 paid by him. There is other testimony concerning events prior to the pond incident including some testimony bearing on waiver of the lease provisions by

O'Bryant, which testimony was objected to by O'Bryant. There is further testimony as to the pond incident from Digby, as well as from some of his guests, regarding the alleged eviction by O'Bryant. None of the guests is a party to this suit, nor does any guest make a claim hereunder for any damages suffered.

Article 5237, Tex.Rev.Civ.Stat.Ann. (Vernon 1962), provides that "[a] person renting said lands or tenements shall not rent or lease the same during the term of said lease to any other person without first obtaining the consent of the landlord, his agent or attorney."

■ It is well settled that without the consent of the landlord the subtenant is a trespasser and occupies the attitude of a stranger to the landlord. *Brown v. Johnson*, 118 Tex. 143, 12 S.W.2d 543 (1929); *Young v. De La Garza*, 368 S.W.2d 667 (Tex.Civ.App.—Dallas 1963, no writ); *Richmond v. Broughton*, 190 S.W.2d 842 (Tex. Civ.App.—Fort Worth 1945, writ ref'd w. o. m.).

■ No privity of contract exists under a sublease between sublessee and original lessor. *Zeidman v. Davis*, 161 Tex. 496, 342 S.W.2d 555 (1961); *Board v. B & B Vending Company*, 512 S.W.2d 702 (Tex.Civ.App.—Amarillo 1974, no writ); *Rogers v. Burton*, 496 S.W.2d 673 (Tex.Civ.App.—Austin 1973, writ ref'd n. r. e.) *cert. denied*, 415 U.S. 921, 94 S.Ct. 1422, 39 L.Ed.2d 476 (1974).

■ Rule 94, Tex.R.Civ.P., provides in pertinent part that "[i]n pleading to a preceding pleading, a party shall set forth affirmatively . . . waiver, and any other matter constituting an avoidance or affirmative defense."

Waiver, therefore, is an affirmative defense that must be pleaded. Tex.R.Civ.P. 94. It is undisputed from the record that waiver was not pleaded nor was it tried by

---

1. These points of error assert that there were material fact issues as to the ultimate conclusion; possession of the lease; the payment of the sum of $2,300; forcible eviction; ratification of the lease; waiver of consent; damages; violation of the lease provisions; applicability of Article 5237; conflict between lease and sublease; whether Digby was a trespasser; privity of contract between Digby and O'Bryant; the parties' relative rights; and breach of contract by Hatley.

consent. At the time that appellant attempted to introduce evidence touching on the matter of waiver, O'Bryant's attorney objected on the grounds that there was no pleading of waiver as required by Rule 94. At this time, appellant's attorney expressly acknowledged that he was not relying on waiver and stated that he was not inferring waiver. Under appellant's own admissions and the record before us, waiver is not in this case. *Scheumack v. Simmons*, 440 S.W.2d 687 (Tex.Civ.App.—Houston [1st Dist.] 1969, no writ); *Seamless Floors By Ford, Inc. v. Value Line Homes, Inc.*, 438 S.W.2d 598 (Tex.Civ.App.—Fort Worth 1969, writ ref'd n. r. e.); *Young v. De La Garza*, 368 S.W.2d 667 (Tex.Civ.App.—Dallas 1963, no writ); *Young v. Haynes*, 295 S.W.2d 536 (Tex.Civ.App.—Galveston 1956, no writ); *Andrews v. Powell*, 242 S.W.2d 656 (Tex.Civ.App.—Texarkana 1951, no writ).

Although the right or privilege to hunt is frequently referred to as a "hunting lease," the courts in instances have held that it is more in the nature of a personal license or a "profit à prendre" which grants privileges to hunt only to the licensee and excludes anybody else from exercising such privileges. *Anderson v. Gipson*, 144 S.W.2d 948 (Tex.Civ.App.—Galveston 1940, no writ); *Kibbin v. McFaddin*, 259 S.W. 232 (Tex.Civ.App.—Beaumont 1926, writ ref'd).

■ A license in real property is a privilege or authority given to a person, or retained by a person, to do some act or acts on the land of another but such license conveys no interest in or title to the property concerned. *Arant v. Jaffe*, 436 S.W.2d 169 (Tex.Civ.App.—Dallas 1968, no writ); 36 Tex.Jur.2d *Licenses* § 84 (1962). A license not supported by consideration is revocable at the will of the grantor. *Drye v. Eagle Rock Ranch, Inc.*, 364 S.W.2d 196 (Tex.1962); *Arant v. Jaffe, supra.*

We have concluded that the take-nothing judgment as to O'Bryant should be affirmed.

■ The judgment as to Hatley stands in a somewhat different posture. Hatley knowingly violated the terms and provisions under which he held by making a sublease of the hunting rights without obtaining a written consent. On the basis of the oral sublease he made, he collected $2,300 although he had nothing to deliver. It appears from the record that on the basis of such oral sublease, Digby and some of his guests hunted for a portion of the hunting season, but they were evicted sometime in November 1974 and did not thereafter return. As a result of the transaction with Hatley, Digby was only able to hunt a part of the season and did not obtain the full benefit of his deal with Hatley. It is undisputed that no part of said funds were returned to Digby, although Digby testified that he made a request therefor. There is evidence that some of Digby's guests paid him consideration for hunting privileges, but the record contains no record of the amounts thereof.[2] We have concluded the trial court erred in entering a directed take-nothing judgment as to Hatley.

The judgment as to O'Bryant is affirmed.

The judgment as to Hatley is reversed and remanded for a new trial.

---

2. None of such guests are parties to this suit, and their rights, if any, are not here involved.