Jack HENRY, Appellant,

v.

AETNA CASUALTY AND SURETY COMPANY, Appellee.

No. 9016.

Court of Appeals of Texas, Texarkana.

March 23, 1982.

Rehearing Denied April 13, 1982.

Bonnie Wulff, Law Offices of John E. Collins, Irving, for appellant.

Robert M. Greenberg, Dallas, for appellee.

CORNELIUS, Chief Justice.

On July 18, 1977, Jack Henry was injured in an automobile accident. He was a beneficiary of an insurance policy issued by Aetna Casualty and Surety Company which provided personal injury protection insurance in the amount of $2,500.00 for medical expenses and loss of income as a result of bodily injuries sustained in a motor vehicle accident. The policy requires that within

584

six months of the accident written proof of claim be given to the insurer providing it with full particulars of the injuries, treatment, and expenses incurred. Following the accident and while Mr. Henry was hospitalized, he requested his mother, Anita Henry, who was also an insured under the terms of the policy, to report the accident to Aetna. Mrs. Henry first reported it to Debbie Moss, Aetna's agent, on July 21, 1977. Jack Henry also reported the accident to Debbie Moss the day after he got out of the hospital on the 23rd of July. An "Auto and Other Liability Accident Notice" was prepared, signed by Debbie Moss, and sent to Aetna on July 29, 1977. The notice was received by Aetna within the six month time period provided by the policy for the submission of proofs of loss. It included information regarding the name, address and phone number of the insured; the time, location and circumstances of the accident; the make of car and the estimate of probable total damage; the limits of coverage, including personal injury protection limits of $2,500.00; the person who reported the accident and the agent (Moss) to whom it was reported; and the statement "Jack Henry hospitalized with a collapsed lung and broken ribs." The notice was marked "Information Only At This Time" and was signed by Margaret Woo, a senior claims representative in Aetna's Houston Office. In the six months following the accident, Mr. Henry did not receive any correspondence from Aetna and he complied with every request for information made by Debbie Moss during his several conversations with her. During that time neither Ms. Moss nor any other agent or representative of Aetna forwarded any formal proof of loss forms to Mr. Henry or to his mother, nor was any objection made concerning defects in the notice of loss or the failure to file other forms or furnish other information. Subsequently Mr. Henry employed an attorney to represent him. In response to the attorney's written request for necessary forms to secure payment of the P.I.P. benefits, Aetna forwarded formal proof of loss forms which were then completed by Mr. Henry and returned to Aetna on May 9, 1978.

After the presentation of evidence on behalf of Mr. Henry, the trial court granted Aetna's motion for instructed verdict on the basis that the required proof of loss was not timely filed. The judgment will be reversed.

Substantial compliance with proof of loss provisions in insurance policies is all that is required, and an unverified notice or statement containing sufficient information to reasonably fulfill the purposes of a proof of loss constitutes substantial compliance with such a provision. *Dairyland County Mutual Insurance Company v. Keys*, 568 S.W.2d 457 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.); *Austin Building Co. v. National Union Fire Ins. Co.*, 403 S.W.2d 499 (Tex. Civ.App.—Dallas 1966, writ ref'd n.r.e.); *Anchor Casualty Company v. Bowers*, 385 S.W.2d 568 (Tex.Civ.App.—Houston 1964), *rev'd on other grounds*, 393 S.W.2d 168 (Tex.1965); *Home Ins. Co. v. Scott*, 152 S.W.2d 413 (Tex.Civ.App.—El Paso 1941, writ dism'd); *Service Mut. Ins. Co. of Texas v. Territo*, 147 S.W.2d 846 (Tex.Civ.App.—Waco 1941, no writ); *Century Ins. Co. v. Hogan*, 135 S.W.2d 224 (Tex.Civ.App.—Austin 1939, no writ); *Universal Automobile Ins. Co. v. Morris Finance Corp.*, 16 S.W.2d 360 (Tex.Civ.App.—Eastland 1929, writ dism'd); 32 Tex.Jur.2d *Insurance* § 372, pp. 577, 578 (1962). Where the insurance company considers the notice of loss inadequate or defective it must within a reasonable time object to the proof and point out the defects so that the insured may correct the same. In the absence of such objections, the company waives its right to complain of the proof furnished. *Dairyland County Mutual Ins. Co. v. Keys,* supra; 32 Tex.Jur.2d *Insurance* § 383, p. 593 (1962), and cases cited.

Without doubt the notice provided by Mr. Henry initially furnished Aetna the necessary information to enable it to investigate the accident and resulting claims and to ultimately determine its liability for policy benefits. We hold that substantial compliance with the proof of loss provision was

conclusively established. The fact that Mr. Henry later filed official proof of loss forms, apparently on the advice of his attorney, does not change the fact that the provision had already been substantially complied with.

■ Furthermore, the actions of the insurance company and its agents in failing to object to the proof submitted, in failing to furnish formal proof of loss forms within the six month period, and in its dealings with Mr. Henry through its agents during the six month proof of loss period, constitute some evidence that it waived the proof of loss provisions, thus making an instructed verdict improper.

It is not necessary to discuss the other points of the appeal.

The judgment is reversed and the cause is remanded to the district court with instructions that, after a hearing is held to determine the amount of attorney's fees to which Mr. Henry is entitled, judgment be rendered in his favor for the recovery of the $2,500.00 personal injury protection benefits and reasonable attorney's fees.