Hilda PARR, Appellant,

v.

FARMERS STATE BANK OF ORANGE
GROVE, et al., Appellees.

No. 04-81-00229-CV.

Court of Appeals of Texas,
San Antonio.

Sept. 21, 1983.

Charles L. Barrera, Canales & Barrera, Inc., Alice, for appellant.

Parker Ellzey, Homer E. Dean, Jr., Alice, William R. Anderson, Jr., Corpus Christi, for appellees.

Before ESQUIVEL, BUTTS and TIJERINA, JJ.

OPINION

BUTTS, Justice.

This is an appeal from a summary judgment. Defendants, Farmers State Bank of Orange Grove and Alice Elevator, Inc., filed motions for summary judgment, TEX.R. CIV.P. 166-A, asserting that plaintiff Hilda Parr failed to allege a cause of action against either. The trial court granted both motions and entered a summary judgment in their favor. We affirm the judgment.

In her point of error Parr challenges the ruling of the court; she states the interpretation of the leases, made the basis of the suit, raises genuine issues of fact as to the rights, benefits, and interests of the parties. The reason we disagree with this contention shows itself through the facts reflected in the instruments in evidence.

Parr owned a 14,000 acre tract of land in Duval County. These lease transactions affecting that land occurred:

May 30, 1975—Parr leased 9,000 acres to Eleuterio Martinez, Jr. Term to end December 31, 1980. Cash rent of $62,-000.00 per year (Not pertinent to this case were payment terms and a renegotiation provision.)

June 6, 1975—Supplement signed by above lessor and lessee, permitting lessee to sublease the property for farming.

June 17, 1975—Eleuterio Martinez, Jr. subleased a portion of land to James L. Secrest, payment to be one-third of proceeds of crops from that land, less one-third of the costs. Termination date was December 31, 1976.

Parr signed this sublease to show her consent. The sublease, called an "assignment," contained these further terms in *paragraph V:*

Assignor [Martinez] shall have the responsibility for paying the rent provided for by the lease [the original Parr lease] ... and Assignee [Secrest] will have no responsibility for the payment of same. In the event the said lease is terminated by the Lessor [Parr] therein for non-pay-

ment of rent, or for any other reason, such termination of the lease will not terminate the rights of Assignee [Secrest] under this assignment, but such rights will continue, and in such event, the Lessor [Parr] ... shall succeed to all rights granted to Assignor [Martinez] by this instrument.

The court agrees with the defendants that the "assignment" was, in reality, a sublease. The terms of a lease itself determine its legal effect. *See Davis v. First National Bank,* 258 S.W. 241, 242 (Tex.Civ.App.—El Paso 1924, no writ). Not only did Martinez retain most of the land, under the sublease he also could regain all the land on December 31, 1976. He therefore retained a reversionary interest. *Amco Trust, Inc. v. Naylor,* 159 Tex. 146, 317 S.W.2d 47, 50 (1958).

The instruments in the case indicate that Secrest became a holdover tenant after the written lease terminated at the end of 1976 as demonstrated by the following described sublease: *August 2, 1977*—Secrest subleased 2,645 acres of his subleased land to Romulo and Narcisco Martinez for a term ending December 31, 1980. Farmers State Bank advanced cash for farming purposes to these two, retaining a security interest. In 1979, Romulo and Narcisco sold their harvested grain to Alice Elevator. The proceeds of about $150,000.00 were paid by Alice Elevator directly to Farmers State Bank, which then released its security interest. Parr seeks in this suit to recover one-third of the value of the 1979 crop ($52,-000.00) and exemplary damages. She bases her claim on the above-quoted paragraph V.

■ What the paragraph did was to protect Secrest in the event his lessor, Eleuterio Martinez, defaulted and that original Parr lease ended. No evidence shows that lease terminated before December 31, 1980. The sublease from Eleuterio Martinez to Secrest gave only Eleuterio, and not Parr, the right to share in the proceeds from crops. The only rental Parr was entitled to was the cash payment enunciated in her original lease of 9,000 acres. If Eleuterio Martinez had indeed assigned the entire 9,000 acres to Secrest, there would have been privity of estate between Parr and Secrest, and Secrest would be responsible for the cash rental. Other than the lesser number of acres to denote a sublease, the instrument itself in paragraph V denies Secrest's responsibility to pay the cash rental. If the original lease between Eleuterio Martinez and Parr had terminated before December 31, 1976, then Parr may have had a claim to proceeds from crops; however, no summary judgment proof showed this.

It is clear that as a holdover tenant, Secrest had no privity of estate or privity of contract with Parr when he subleased to Romulo and Narcisco on August 2, 1977. Further, Romulo and Narcisco had no privity of estate or privity of contract with Parr. *Id.* 317 S.W.2d at 50; *Digby v. Hatley,* 574 S.W.2d 186, 189 (Tex.Civ.App.—San Antonio 1978, no writ).

Under the summary judgment motion proof reflected in the record, paragraph V grants no cause of action to Parr against Romulo and Narcisco. As stated before, Parr may have succeeded to a claim of Eleuterio Martinez against Secrest had the evidence shown termination of the original lease from Parr. No such evidence was offered. The original lease speaks for itself, showing it terminated more than a year after the proceeds from the 1979 grain crop were applied to the loan at the bank. We find no evidence was presented to raise an issue of conversion of the funds by the bank. Further, we find no genuine issue of fact and overrule the point of error.

■ A defendant is entitled to summary judgment when the plaintiff's pleadings negate a cause of action. *Truckers Inc. v. South Texas Construction Co.,* 561 S.W.2d 855, 857 (Tex.Civ.App.—Corpus Christi 1977, no writ). The plaintiff's pleadings in this case negate a cause of action.

The summary judgment is affirmed.